STATE OF NORTH CAROLINA v. VIRGIL MAYO SANDERSON, SR.

No. 824SC907

(Filed 7 June 1983)

1. **Criminal Law § 99.6— cross-examination of defense witness—attorney seated beside witness—no expression of opinion by court**

     The trial judge did not express an opinion as to the credibility of a defense witness when he appointed an attorney to advise the witness of his Fifth Amendment rights and requested the attorney to sit next to the witness stand upon learning that the prosecutor intended to cross-examine the witness regarding his prior conviction. G.S. 15A-1222.

2. **Criminal Law § 86.5— defense witness—evidence of other crimes—properly admitted**

     The trial court did not err in allowing the prosecutor to cross-examine a witness as to whether he and defendant had been in the drug business for a long time since evidence of other drug violations is relevant and admissible if it tends to show a common plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs were found.

3. **Criminal Law § 102.12— prosecutor's argument—no request for precautionary instruction**

     Where a prosecutor argued to the jury that "you 12 -- if you don't do your job, there's not a thing in the world we can do with [defendant]", where defendant failed to place his argument in the record and where defendant failed to request a precautionary instruction after the court sustained defendant's objection to the prosecutor's remark, there was no merit to defendant's assignment of error.

4. **Criminal Law § 124— verdict form missing element of "intent to sell and deliver" considered with indictments and court's charge sufficient**

     Although the element of "intent to sell and deliver" was not included in the verdict form with regard to three drug related offenses, when the indictments, the court's charge, and the verdict form were considered together, (1) it could be inferred that the jury found the element of "intent to sell and deliver" and (2) the form itself, although improperly omitting that element, sufficiently identified the offenses found by the jury to enable the court to pass judgment on the verdict and sentence defendant appropriately.

APPEAL by defendant from *Bruce, Judge.* Judgments entered 21 April 1982 in Superior Court, DUPLIN County. Heard in the Court of Appeals 18 February 1983.

Defendant was indicted for conspiracy to sell and deliver cocaine, conspiracy to possess cocaine with intent to sell and deliver, conspiracy to sell and deliver marijuana, conspiracy to

possess marijuana with intent to sell and deliver, sale and delivery of cocaine, possession of cocaine with intent to sell and deliver, sale and delivery of marijuana, and possession with intent to manufacture, sell and deliver marijuana.

The State's evidence tended to show that an undercover drug officer accompanied an informant to a trailer belonging to defendant's son, Vic. Defendant, Vic, and a white female were present at the trailer when the officer and the informant arrived. The officer talked to defendant about purchasing cocaine and marijuana, and then went with Vic and the informant to defendant's house. Defendant arrived later and gave the officer two plastic bags of marijuana. The officer paid defendant $70 for the marijuana. Defendant told the officer that Vic would weigh out a half ounce of cocaine for him. The officer asked defendant if the price was $1,000, and defendant said yes. The officer gave defendant $1,000, took the cocaine and marijuana and left.

Defendant presented testimony from several witnesses including his son Vic. Vic's testimony tended to show that Vic had sold the marijuana and cocaine to the officer and that defendant was not present when the sale took place.

The jury returned a verdict finding defendant "Guilty as charged" of conspiring to sell cocaine, of conspiring to possess cocaine, of the sale of cocaine, of possession of cocaine with intent to sell or deliver it, of conspiring to sell marijuana, of conspiring to possess marijuana, of the sale of marijuana, and of possession of marijuana. From judgments imposing active prison terms, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Lanier and Hall, by Fredric C. Hall, for defendant appellant.*

JOHNSON, Judge.

[1] The first question presented in this case is whether the trial judge expressed an opinion as to the credibility of defense witness Vic Sanderson. The record shows that this witness had previously been convicted of a drug violation. Upon learning that the prosecutor intended to cross-examine the witness regarding his conviction, the trial judge appointed an attorney to advise the

witness of his Fifth Amendment rights. By allowing this attorney to be seated next to the witness stand while the witness testified, defendant contends the trial judge expressed an opinion as to the witness' credibility.

G.S. 15A-1222 prohibits a trial judge from expressing an opinion in the presence of the jury on any question of fact to be decided by the jury. Here, the record reflects that the jury was not present when the decision was made to seat the attorney next to the witness stand. Furthermore, defendant concedes it was proper and necessary for an attorney to be appointed to advise the witness of his constitutional rights. Defendant has suggested no alternative to placing the attorney next to the witness stand and, indeed, did not object to this procedure at trial. We do not believe that the jury could have interpreted the judge's actions as reflecting on the credibility of this witness. Error, if any, was clearly harmless.

[2] Defendant next contends that the trial court erred in allowing the prosecutor to cross-examine this same witness as to whether he and defendant had been in the drug business for a long time. We do not agree.

It is an established rule that evidence of other crimes is inadmissible if its only relevancy is to prove the character of the accused or his disposition to commit the alleged offense. 1 Brandis on North Carolina Evidence § 91 (1982). Where the challenged evidence tends to prove any other relevant fact, it is admissible even though it proves the defendant guilty of a separate crime. *Id.* "In drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs are found." *State v. Richardson,* 36 N.C. App. 373, 375, 243 S.E. 2d 918, 919 (1978). We believe the evidence the State sought to elicit was clearly admissible on several of these grounds. This assignment of error is overruled.

Defendant next assigns error to the trial judge's failure to give precautionary instructions, *ex mero motu,* to the jury with respect to certain remarks made by the prosecutor during his closing argument. Defendant brings forth two exceptions on appeal, but the record indicates that objection was made at trial

only with respect to the first exception. Ordinarily, an impropriety in counsel's jury argument should be brought to the attention of the trial judge in time for it to be corrected, unless the impropriety is so gross it cannot be corrected. *State v. Hunter*, 297 N.C. 272, 254 S.E. 2d 521 (1979). When there is a gross impropriety, the court must intervene immediately. *State v. Miller*, 271 N.C. 646, 157 S.E. 2d 335 (1967). We find no gross impropriety with respect to the remark to which no objection was made. We shall, therefore, consider only the statement to which an objection was properly taken.

**[3]** That portion of the prosecutor's argument to which defendant objected at trial reads as follows: "You 12—if you don't do your job, there's not a thing in the world we can do with Virgil Sanderson; not a thing in the world—" We note that the argument of defense counsel has not been placed in the record as it should be when there is a challenge to the prosecutor's argument. *State v. Miller*, 288 N.C. 582, 220 S.E. 2d 326 (1975). In the absence of the argument of defense counsel, we are unable to fully consider the context in which the prosecutor's argument was made and to determine whether it was provoked. Moreover, we note that the court sustained defendant's objection to the prosecutor's remark, and defendant thereafter failed to request a precautionary instruction. Under these circumstances, we find no merit to defendant's assignment of error.

**[4]** Finally, defendant contends that in its instructions to the jury and in the verdict form, the court committed prejudicial error by omitting the essential element of "intent to sell and deliver" from the following charges: (1) conspiracy to possess cocaine with intent to sell and deliver, (2) conspiracy to possess marijuana with intent to sell and deliver, and (3) possession of marijuana with intent to sell and deliver. Defendant contends that it cannot be ascertained whether or not the jury in fact found the element of "intent to sell and deliver" from the verdict form returned.

Although defendant complains that the court's charge in reference to these offenses was erroneous, he did not object at trial to the charge when given the opportunity to do so. He has, therefore, waived his right to have the charge reviewed on appeal. Rule 10(b)(2) of the Rules of Appellate Procedure. We have,

nevertheless, examined the charge and find that with respect to the specific elements of each of the three offenses in question, the court adequately instructed that the State must prove intent to sell and deliver.

Defendant correctly notes that the element of "intent to sell and deliver" was not included in the verdict form with regard to the three enumerated offenses. G.S. 15A-1237, authorizing the use of a written verdict, itself contains no requirement that a written verdict contain each element of the offense to which it refers. *State v. Partin*, 48 N.C. App. 274, 269 S.E. 2d 250, *disc. rev. denied* and *appeal dismissed*, 301 N.C. 404, 273 S.E. 2d 449 (1980). However, the section is intended to aid the trial court in avoiding the taking of verdicts which are flawed by the inadvertent omission of some essential element of the verdict itself when given orally. Official Commentary, G.S. 15A-1237; *State v. Goodman*, 298 N.C. 1, 257 S.E. 2d 569 (1979). A verdict form is sufficient for this purpose if it provides the court a proper basis upon which to pass judgment and sentence the defendant appropriately. *Id*. at 16, 257 S.E. 2d at 580.

The defendant in this case was charged with eight separate counts of drug violations, and the verdict form listed eight offenses. The indictments properly listed "intent to sell and deliver" as to each of the three offenses in question. The trial court adequately instructed the jury that the State must prove intent to sell and deliver. The jury found the defendant "Guilty as charged" as to each of the eight offenses, including the sale and delivery of cocaine and marijuana. When the indictments, the court's charge, and the verdict form are considered together, we believe (1) that it can be inferred that the jury found the element of "intent to sell and deliver" and (2) that the form itself, although improperly omitting that element, sufficiently identified the offenses found by the jury to enable the court to pass judgment on the verdict and sentence defendant appropriately. For these reasons, we find no merit to defendant's final argument.

No error.

Judges WELLS and HILL concur.