STATE OF NORTH CAROLINA v. HASSON S. FLOYD, DEFENDANT

No. COA00-1022

(Filed 15 January 2002)

**1. Criminal Law— joinder of charges—transactional connection**

The trial court did not abuse its discretion by granting the State's motion to join for trial under N.C.G.S. § 15A-926 all offenses other than the violent habitual felon charges that occurred within a single two-week period including felony larceny, robbery with a dangerous weapon, possession of a firearm by a felon, and conspiracy to commit robbery with a weapon, because: (1) the charges were connected transactionally and the evidence was overlapping; and (2) joinder of the charges did not unjustly or prejudicially hinder defendant's ability to defend himself.

**2. Evidence— other crimes, wrongs, or acts—armed robbery—common plan or scheme**

The trial court did not err in a felony larceny, robbery with a dangerous weapon, possession of a firearm by a felon, and conspiracy to commit robbery with a weapon case by admitting evidence under N.C.G.S. § 8C-1, Rule 404(b) of an armed robbery of a bank allegedly committed by defendant and his coparticipant during the same two-week period as the charged offenses, because the evidence of the bank robbery was introduced to show it was part of a scheme or plan to commit such offenses during the applicable two-week period.

**3. Criminal Law— defendant in restraints—motion for mistrial**

The trial court did not abuse its discretion in a felony larceny, robbery with a dangerous weapon, possession of a firearm by a felon, and conspiracy to commit robbery with a weapon case by failing to declare a mistrial when a juror saw defendant in restraints shortly after finding him guilty of the offenses, but before considering the violent habitual felon charges.

**4. Sentencing— verdict forms—violent habitual felon**

Although there was error in the verdict forms sustaining defendant's convictions for the status of violent habitual felon as charged in the indictments based on their mention of the most recent underlying substantive felony and not the two prior violent felony convictions, there was no plain error because: (1) there

STATE v. FLOYD

[148 N.C. App. 290 (2002)]

was extensive evidence of defendant's guilt; and (2) the indictments properly allege all elements of the charge, and the trial court correctly instructed the jury on each.

Appeal by defendant from judgments entered 29 July 1999 by Judge Loto G. Caviness in Buncombe County Superior Court. Heard in the Court of Appeals 17 September 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Staci Tolliver Meyer, for the State.*

*Haley H. Montgomery, for the defendant-appellant.*

HUDSON, Judge.

On 29 July 1999, Defendant was convicted by a jury of one count of felony larceny, three counts of robbery with a dangerous weapon, four counts of possession of a firearm by a felon, and one count of conspiracy to commit robbery with a weapon. Based upon two prior felony convictions in Florida that qualify in North Carolina as violent felonies, defendant was indicted as a violent habitual felon and convicted on four counts for the status of violent habitual felon. Defendant was sentenced to eleven to fourteen months for the felony larceny, twenty to twenty-four months for each of the four counts of possession of a firearm by a felon, and four life sentences as a violent habitual felon. Pursuant to N.C. Gen. Stat. § 14-7.12 (1999), defendant's sentences "shall run consecutively with and shall commence at the expiration of any other sentence being served by the person." Defendant appeals his convictions and sentences. We find no error.

In defendant's trial, the state's evidence tended to show that during November 1998 defendant and his accomplice, Andrew Debellott, went on a crime spree in western North Carolina. The two men planned and committed numerous offenses including armed robberies of cash checking businesses, robberies at gunpoint of individuals, a robbery at gunpoint of an individual's automobile, and the larceny of a car in a parking lot. Debellott testified against defendant in the trial, as did more than a dozen other witnesses. Two officers also testified to defendant's confession of the multiple crimes upon his arrest. The state presented physical evidence found after a consensual search of defendant's girlfriend's home tending to show defendant's involvement in the crimes with which he was charged. The jury found defendant guilty of all charges.

STATE v. FLOYD

[148 N.C. App. 290 (2002)]

At sentencing, the state produced evidence of aggravating factors involving defendant's violent and threatening behavior during his stay in the Buncombe County jail. Defendant offered no evidence of mitigating factors. The court sentenced defendant within the presumptive range for the current offenses and sentenced him to the statutorily required life sentences without parole for each of his convictions as a violent habitual felon. *See* N.C.G.S. § 14-7.12.

Defendant's appointed attorney filed notice of appeal, listing three assignments of error. Pursuant to defendant's request, the court assigned him a new attorney on appeal who filed an *"Anders* brief" with this court. *See Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493 (1967) (requiring criminal appellate attorneys who find no merit in their client's case to comply with specific procedures). Defendant's counsel notes in her brief that, "after repeated and close examination of the record and extensive review of relevant law, [she] is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." In accordance with *Anders,* and *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985), defense counsel requests that this court review the transcript and record on appeal for any "possible prejudicial error and to determine whether any justiciable issue has been overlooked by counsel." In compliance with *Anders* and *Kinch,* Defense counsel sent a copy of her brief to defendant, along with the trial transcript, and a letter explaining defendant's opportunity to independently file additional arguments with this court. Defendant has filed two briefs with additional arguments to support his appeal. *See Anders,* 386 U.S. 738, 18 L. Ed. 2d 493; *Kinch,* 314 N.C. 99, 331 S.E.2d 665.

At the outset we note that defendant has not brought forward any of the three assignments of error raised in the record on appeal, and they are therefore deemed abandoned. However, pursuant to *Anders* and *Kinch,* we review these three issues in addition to the entire record for any legal errors that would require us to grant relief. *See Kinch,* 314 N.C. at 102-03, 331 S.E.2d at 667.

In addition to the briefs initially filed by defendant and both counsel, this Court, on its own motion, ordered the parties "to file and serve briefs to this Court, addressing the following issue: Are the verdict forms as submitted to the jury sufficient under applicable law to sustain the defendant's convictions for the status of violent habitual felon as charged in the indictments . . . ?" Counsel filed briefs on this issue 19 November 2001; we conclude there was no plain error in the verdict forms.

**[1]** In his first assignment of error, defendant challenged the granting of the State's motion to join for trial all offenses other than the violent habitual felon charges. Defendant was charged with committing several offenses during a single two-week period. In its motion to join, the State argued that, "these occurrences all fit together in a very short span of time. It's basically a crime spree by these two Defendants, an armed crime spree. And the State does not see how we can separate those and try them individually since the evidence is going to be intertwined between all of those cases." The court agreed and granted the State's motion.

"N.C. Gen. Stat. § 15A-926 (1999) permits the joinder of offenses within the discretion of the trial court, and such joinder will only be disturbed on appeal where defendant demonstrates that joinder denies him a fair trial." *State v. Beckham*, 145 N.C. App. 119, 125, 550 S.E.2d 231, 236 (2001) (citing *State v. Wilson*, 108 N.C. App. 575, 424 S.E.2d 454, *appeal dismissed, disc. review denied*, 333 N.C. 541, 429 S.E.2d 562 (1993)). This statute allows the joinder of offenses when they "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926 (1999). The Supreme Court, in *State v. Bracey*, explained that "[t]here must be some sort of 'transactional connection' between cases consolidated for trial." 303 N.C. 112, 117, 277 S.E.2d 390, 394 (1981) (quoting *State v. Powell*, 297 N.C. 419, 255 S.E.2d 154 (1979)). There, the Court concluded that joinder was proper where the trial judge found "common issues of fact" in the three robberies committed over a ten day period. *See Bracey*, 303 N.C. at 117, 277 S.E.2d at 394.

The Supreme Court also pointed out that "[t]he question before the court on a motion to sever is whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial." *Id.* at 117, 277 S.E.2d at 394. Here, as in *Bracey*, the trial court joined the charges based on its conclusion that they were connected transactionally, and the evidence was overlapping. This joinder did not "unjustly or prejudicially" hinder defendant's ability to defend himself. *See id.* We overrule this assignment of error.

**[2]** Defendant's second assignment of error concerns the trial court's admission of evidence pursuant to North Carolina Rule of Evidence 404(b). The defendant objected to the State's presentation of evidence of an armed robbery of a Wachovia bank allegedly committed

by defendant and Debellott during the same two-week period as the charged offenses. Defendant was not on trial for the Wachovia robbery here because he was charged for this robbery under federal, rather than state, law. However, the State offered the testimony of a bank employee, who described the incident in detail.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. R. Evid. 404(b). Under Rule 404(b), such evidence is not admissible "if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990). Here, the evidence of the Wachovia robbery was not introduced to show defendant's propensity to commit the crime, but as part of a scheme or plan to commit such offenses during the applicable two-week period, and the court did not err in admitting it as such.

[3] Defendant contends in his last assignment of error, that the trial court erred by failing to declare a mistrial when a juror saw the defendant in restraints shortly after finding him guilty of the offenses. The jury had already reached its verdict of guilty on the substantive offenses, but had not yet considered the violent habitual felon charges. Defendant's trial counsel did not argue that there was prejudice and under these circumstances, we see none. The trial court noted the following on this point,

> this jury is aware, having just returned verdicts of guilty of several serious felony charges, that this individual has been this morning convicted of those charges. The Court would find that to a reasonable person, it might not appear unusual for such an individual to have been placed into custody over the lunch break.

In *State v. White*, 349 N.C. 535, 508 S.E.2d 253 (1998), *cert. denied*, 527 U.S. 1026, 144 L. Ed. 2d 779 (1999), the Supreme Court found no abuse of discretion where the trial judge ordered the defendant shackled in the courtroom, after he made a threatening comment. These events transpired following a guilty verdict, but before capital

sentencing began with the same jury. *See id.; see also* N.C. Gen. Stat. § 15A-1031 (1999) "Custody and restraint of defendant and witnesses" (specifically allowing the restraint of the defendant in the courtroom under specific restrictions and with certain precautions). If there was no abuse of discretion in *White,* certainly there was none here. The trial court's denial of a mistrial will not be disturbed absent an abuse of discretion, and we find none. *See State v. Upchurch,* 332 N.C. 439, 453-54, 421 S.E.2d 577, 585 (1992) (citing *State v. Barts,* 316 N.C. 666, 682, 343 S.E.2d 828, 839 (1986)).

[4] Upon order of this Court, the parties filed separate briefs addressing the sufficiency of the verdict forms to sustain defendant's convictions for the status of violent habitual felon as charged in the indictments. After reviewing the parties' arguments, we conclude that although there was error in the verdict sheets, the error does not require a new trial. *See State v. Odom,* 307 N.C. 655, 300 S.E.2d 375 (1983) (holding when an objection is not raised at trial, the review is by the "plain error" standard of review). Reversal for plain error is only appropriate where the error is so fundamental that it undermines the fairness of the trial, or where it had a probable impact on the guilty verdict. *See id.* We do not believe that this was such an error.

Although the statutes do not specify what constitutes a proper verdict sheet, they contain "no requirement that a written verdict contain each element of the offense to which it refers." *State v. Sanderson,* 62 N.C. App. 520, 524, 302 S.E.2d 899, 902 (1983); *see also* N.C. Gen. Stat. § 15A-1237 (1999). Nor have our Courts required the verdict forms to match the specificity expected of the indictment.

The indictment must, by contrast, "charge all the essential elements of the alleged criminal offense." *State v. Lewis,* 58 N.C. App. 348, 354, 293 S.E.2d 638, 642 (1982), *cert. denied,* 311 N.C. 766, 321 S.E.2d 152 (1984). If the charge is a statutory offense, the indictment is sufficient "when it charges the offense in the language of the statute." *State v. Norwood,* 289 N.C. 424, 429, 222 S.E.2d 253, 257 (1976) (citing *State v. Penley,* 277 N.C. 704, 178 S.E.2d 490 (1971)); N.C. Gen. Stat. § 15A-644 (1999). At issue here are defendant's four convictions of violent habitual felon. The indictments are sufficient: each one lists two prior convictions for felonies in Florida that meet the requirements under North Carolina law for violent habitual felon status, and each specifies a different one of the current offenses as an

underlying substantive charge. This satisfies the statutory requirements for "Charge of violent habitual felon" pursuant to N.C. Gen. Stat. § 14-7.9 (1999). The question before us is whether the verdicts sufficiently reflect convictions on these charges.

To convict of the status of violent habitual felon, "the State must prove beyond a reasonable doubt that the defendant has been convicted of two prior violent felonies . . . ." *State v. Safrit*, 145 N.C. App. 541, 553, 551 S.E.2d 516, 524 (2001). The jury must determine "whether the defendant who has just been convicted of the underlying substantive felony is the same person as the individual the State alleges has two prior violent felony convictions . . . ." *Id.* at 553, 551 S.E.2d at 524. Here, each verdict sheet gives the jury the option of finding the defendant: guilty based on each new violent felony conviction, or not guilty. For example, the verdict sheet for charge 99 CRS 4907 reads: "We the jury unanimously find the defendant, Hasson Sermon Floyd: ( ) guilty of the status of violent habitual felon based on robbery with a dangerous weapon on or about November 17, 1998 (re: Tony Barnes, D/B/A Cash Advance) or ( ) Not guilty[.]"

In *State v. Sanderson*, defendant argued that the trial court erred by omitting an essential element of the charge from the verdict form, raising a question about whether the jury actually found that defendant had committed that element of the crime. *See* 62 N.C. App. at 523, 302 S.E.2d at 902. This Court found that even though the verdict forms improperly omitted an essential element of the crime charged, "the form itself . . . sufficiently identified the offenses found by the jury to enable the court to pass judgment on the verdict and sentence defendant appropriately." *Id.* at 524, 302 S.E.2d at 902.

Here, the indictments properly allege all elements of the charge, and the trial judge correctly instructed the jury on each. However, the verdict sheets, as noted above, only mention the most recent underlying substantive felony, not the two prior violent felony convictions. In *State v. Connard*, this Court held that a verdict sheet is sufficient "if the verdict can be properly understood by reference to the indictment, evidence and jury instructions." 81 N.C. App 327, 336, 344 S.E.2d 568, 574 (1986), *aff'd*, 319 N.C. 392, 354 S.E.2d 238 (1987). Standing alone, the verdict sheets erroneously appear to permit conviction based on only one offense. *See id.* at 336, 344 S.E.2d at 574. In light of the extensive evidence of defendant's guilt, and the trial court's proper instructions to the jury, we do not believe the circumstances here amounted to plain error.

**IN RE T.C.S.**

[148 N.C. App. 297 (2002)]

After carefully reviewing all of the briefs and the entire record, we find no error warranting the reversal of defendant's convictions or the reduction of his sentences.

NO ERROR.

Judges EAGLES and HUNTER concur.