**STATE v. HALL**

[173 N.C. App. 735 (2005)]

STATE OF NORTH CAROLINA v. LEONARD GROVER HALL

No. COA04-1626

(Filed 18 October 2005)

**1. Motor Vehicles— misdemeanor death by vehicle—sufficiency of warrant**

The trial court did not err in a misdemeanor death by vehicle case by concluding that the warrant issued in this case was not fatally defective even though it did not allege that the primary towing attachment on defendant's truck was a ball hitch, because: (1) the magistrate's order charging defendant with the offense of misdemeanor death by vehicle provided that the charge was based on defendant's failure to secure the trailer to his vehicle with safety chains or cables as required by N.C.G.S. § 20-123(b); and (2) the order was sufficient to apprise defendant of the charge against him and allow him to prepare a defense against the charge as he was directed to N.C.G.S. § 20-123 which provided the circumstances under which safety chains or cables were required.

**2. Motor Vehicles— misdemeanor death by vehicle—requested instruction—locking pins—ball hitch**

The trial court did not err in a misdemeanor death by vehicle case by refusing to instruct the jury about the use of locking pins, because: (1) N.C.G.S. § 20-123 provides that the exception that defendant is trying to assert does not apply when a ball hitch is used; and (2) a jury instruction regarding locking pins was not a correct statement of the law as it was undisputed that the primary towing attachment utilized by defendant was a ball hitch.

**3. Appeal and Error— preservation of issues—failure to raise issue at trial**

Although defendant contends N.C.G.S. § 20-123 is unconstitutionally vague in violation of his state and federal constitutional rights, this assignment of error is dismissed because defendant did not raise this issue before the trial court and thus it will not be considered on appeal.

**4. Motor Vehicles— misdemeanor death by vehicle—requested instructions—accident**

The trial court did not err in a misdemeanor death by vehicle case by refusing defendant's request to include N.C.P.I. Crim.

307.10 and 307.11 relating to accidents in its instructions to the jury, because the requested jury instructions were not applicable when it is undisputed that defendant failed to use safety chains or cables and the primary towing attachment was a ball hitch.

**5. Motor Vehicles— misdemeanor death by vehicle—motion to dismiss—sufficiency of evidence**

Although defendant contends the trial court erred by denying defendant's motion to dismiss the charge of misdemeanor death by vehicle, this assignment is dismissed because: (1) defendant's basis for his argument is that N.C.G.S. § 20-123 is unconstitutional; and (2) the Court of Appeals has already concluded that the constitutionality of that statute was not properly before it.

Appeal by defendant from judgment entered 13 July 2004 by Judge James W. Morgan in Caldwell County Superior Court. Heard in the Court of Appeals 24 August 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*Starnes and Killian, PLLC, by Wesley E. Starnes, for defendant-appellant.*

JACKSON, Judge.

Defendant, Leonard Grover Hall, was convicted by jury of the offense of Misdemeanor Death by Vehicle on 13 July 2004 in the Caldwell County Superior Court. Defendant timely appealed from the judgment entered on this verdict.

On 29 November 2001, defendant, with the assistance of Jeff McQuillen ("McQuillen") hitched a trailer to the ball hitch of defendant's truck. McQuillen directed defendant as he backed the truck to the trailer and then placed the hitch over the ball and locked the keeper in place with a pin—no safety chains or cables were used to attach the trailer to the truck. As defendant drove on the road towing the trailer he struck a dip in the road which caused the trailer to come loose from the hitch. The trailer, now free from defendant's truck, crossed into the opposing lanes of travel and struck an oncoming vehicle. The driver of the oncoming vehicle was killed in the collision. After an investigation of the accident by the North Carolina Highway Patrol, defendant was charged with Misdemeanor Death by Vehicle.

STATE v. HALL

[173 N.C. App. 735 (2005)]

On appeal, defendant assigns as error that: (1) the warrant was fatally defective in that it failed to allege that the primary towing attachment on defendant's truck was a ball hitch; (2) the trial court erred in refusing defendant's request for a jury instruction regarding the use of locking pins in lieu of safety chains or cables; (3) North Carolina General Statutes section 20-123 is unconstitutionally vague as applied by the trial court; (4) the trial court erred in refusing to instruct the jury pursuant to North Carolina Pattern Jury Instructions 307.10 or 307.11; and (5) the trial court erred in denying his motion to dismiss at the close of all evidence.

[1] Defendant first argues that the warrant issued in this case was fatally defective in that it failed to allege that the primary towing attachment on defendant's truck was a ball hitch. Defendant made no objection to the sufficiency of the warrant before the trial court. Generally an issue not presented to and ruled upon by the trial court cannot be raised for the first time on appeal. N.C. R. App. P. Rule 10(b)(1) (2005); *State v. Eason*, 328 N.C. 409, 402 S.E.2d 809 (1991). However, because this assignment of error pertains to the sufficiency of a criminal charge, it may properly be raised for the first time on appeal. N.C. R. App. P. Rule 10(a) (2005); *State v. Wortham*, 80 N.C. App. 54, 341 S.E.2d 76 (1986), *rev'd in part on other grounds*, 318 N.C. 669, 351 S.E.2d 294 (1987).

"An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in the event of conviction." *State v. Coker*, 312 N.C. 432, 434-35, 323 S.E.2d 343, 346 (1984) (citing *State v. Squire*, 292 N.C. 494, 234 S.E.2d 563, *cert. denied*, 434 U.S. 998 (1977)). "If the charge is a statutory offense, the indictment is sufficient 'when it charges the offense in the language of the statute.'" *State v. Floyd*, 148 N.C. App. 290, 295, 558 S.E.2d 237, 241 (2002) (quoting *State v. Norwood*, 289 N.C. 424, 429, 222 S.E.2d 253, 257 (1976) (citing *State v. Penley*, 277 N.C. 704, 178 S.E.2d 490 (1971)).

In the case *sub judice*, the magistrate's order charging defendant with the offense of misdemeanor death by vehicle clearly provided that the charge was based on defendant's failure to secure the trailer to his vehicle with safety chains or cables as required by North Carolina General Statutes, section 20-123(b). The order clearly was sufficient to apprise defendant of the charge against him and

to allow him to prepare a defense against the charge as he was directed to the requirements of North Carolina General Statutes, section 20-123 which provided the circumstances under which safety chains or cables were required. Accordingly, this assignment of error is overruled.

**[2]** Defendant next argues that the trial court erred in refusing to instruct the jury about the use of locking pins. A requested jury instruction must be given by the trial court when it "is a correct statement of the law and is supported by the evidence." *State v. Conner*, 345 N.C. 319, 328, 480 S.E.2d 626, 629, *cert. denied*, 522 U.S. 876, 139 L. Ed. 2d 134 (1997) (citing *State v. Moore*, 335 N.C. 567, 606, 440 S.E.2d 797, 819, *cert. denied*, 513 U.S. 898, 130 L. Ed. 2d 174, (1994)).

Defendant contends that his requested instruction regarding locking pins was supported by the evidence as McQuillen testified that he had inserted a pin in the hitch when connecting the trailer. Defendant further contends that his requested instruction regarding locking pins was a correct statement of law based upon North Carolina General Statutes, section 20-123 subsection (c) which provides in relevant part:

Trailers and semitrailers having locking pins or bolts in the towing attachment to prevent disconnection, and the locking pins or bolts are of sufficient strength and condition to hold the gross weight of the towed vehicle, need not be equipped with safety chains or cables unless their operation is subject to the requirements of the Federal Motor Carrier Safety Regulations.

This language supports the contention that trailers with certain types of towing attachments do not require the use of safety chains and cables if locking pins or bolts are used. However, the plain language of the remainder of the statute clearly indicates that this exception does not apply when a ball hitch is used. The language of section 20-123(c) immediately preceeding the language relied upon by defendant states:

In addition to the requirements of subsections (a) and (b) of this section, the towed vehicle shall be attached to the towing unit by means of safety chains or cables which shall be of sufficient strength to hold the gross weight of the towed vehicle in the event the primary towing device fails or becomes disconnected while being operated on the highways of this State *if the primary towing attachment is a ball hitch.*

STATE v. HALL

[173 N.C. App. 735 (2005)]

(Emphasis added). This language clearly requires the use of safety chains or cables when a ball hitch is the primary towing attachment. Accordingly, a jury instruction regarding locking pins was not a correct statement of the law as it was undisputed that the primary towing attachment utilized by defendant was a ball hitch. Therefore, this assignment of error is overruled.

[3] Defendant's third assignment of error is that North Carolina General Statutes, section 20-123 is unconstitutionally vague in violation of his State and federal constitutional rights. Defendant did not, however, raise this issue before the trial court. Errors, including constitutional errors, not raised before, and ruled upon by, the trial court generally are waived and will not be considered on appeal. N.C. R. App. P. Rule 10(a) (2005); *State v. Wiley,* 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002), *cert. denied,* 537 U.S. 1117, 154 L. Ed. 2d 795 (2003) (citing *State v. Smith,* 352 N.C. 531, 557-58, 532 S.E.2d 773, 790 (2000), *cert. denied,* 532 U.S. 949, 149 L. Ed. 2d 360 (2001)). As defendant failed to raise this issue before the trial court, it was not properly preserved for appeal and is, therefore, not properly before us and will not be considered. Accordingly, this assignment of error is dismissed.

[4] Defendant next contends that the trial court erred in refusing to include North Carolina Pattern Jury Instructions (N.C.P.I.) Crim. 307.10—Accident (Defense to homicide) and 307.11—Accident (Defense in cases other than homicide) in its instructions to the jury as requested by defendant. These instructions provide that a killing or injury, respectively, is accidental "if it is unintentional, occurs during the course of lawful conduct, and does not involve culpable negligence." Defendant argues that these instructions apply because his conduct was lawful based upon his interpretation of North Carolina General Statutes, section 20-123(c) that safety chains are not required if a pin is used in the towing attachment. As we have determined *supra,* section 20-123(c) clearly requires the use of safety chains or cables any time the primary towing attachment is a ball hitch. As it is undisputed that defendant failed to use safety chains or cables and the primary towing attachment was a ball hitch, defendant's conduct was unlawful. Accordingly, the requested jury instructions were not applicable and properly were refused. This assignment of error is overruled.

[5] Finally, defendant argues that the trial court erred in denying his motion to dismiss for insufficient evidence. As the basis for this argument is defendant's contention that North Carolina General Statutes, section 20-123 is unconstitutional and we already have held that the

constitutionality of that statute is not properly before this Court, this assignment of error is dismissed.

No error.

Judges McGEE and McCULLOUGH concur.