STATE OF NORTH CAROLINA v. ALEXANDER CRAIG CROMARTIE

No. COA05-1126

(Filed 4 April 2006)

1. **Assault— no instruction on lesser offense—evidence of intent to kill present—no plain error**

There was no plain error in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury by not instructing on the lesser included offense of assault with a deadly weapon inflicting serious injury. The uncontradicted evidence was that defendant went into his home, retrieved a loaded gun, pointed the gun at the victim at close range, told the victim he was not leaving the alley that day, and then shot the victim in the back. Pointing the gun at the victim and pulling the trigger is evidence from which an intent to kill may be inferred, as well as shooting the victim in the torso, where most major organs are located. It is irrelevant that defendant shot the victim only once.

2. **Criminal Law— joinder of offenses—assault and possession of firearm by felon—not prejudicial**

The joinder of assault and firearms possession charges for trial did not unjustly or prejudicially hinder defendant's ability to

defend himself or to receive a fair hearing. Additionally, the evidence was not complicated and the trial court's instruction to the jury clearly separated the two offenses.

**3. Evidence— prior crime or bad act—no limiting instruction—no plain error**

A discussion of whether a pattern jury instruction was applicable did not constitute an objection to the instruction, and the trial court's failure to give a limiting instruction on defendant's prior conviction was not erroneous. Plain error review was waived because it was not argued in the brief. Even so, the instruction would not have been applicable because it involved evidence of prior crimes admitted for purposes other than those in this case.

**4. Sentencing— prior record worksheet—used to minimize record—stipulated**

A defendant cannot use the prior record worksheet to seek a lesser sentence during his sentencing hearing and then disavow this conduct on appeal. The evidence here supported the trial court's findings of prior record points during sentencing where the only evidence of prior convictions was a prior record level worksheet which defense counsel acknowledged by specific reference and then used to minimize defendant's record.

Appeal by defendant from judgment entered 4 August 2004 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 8 March 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Daniel D. Addison, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Alexander Craig Cromartie, appeals his conviction of assault with a deadly weapon with intent to kill inflicting serious injury and the sentence imposed. For the reasons discussed herein, we find no error.

The evidence at trial tended to show that defendant shot and wounded Ricky Allen (Allen) with a handgun on 27 July 2002. Allen

STATE v. CROMARTIE

[177 N.C. App. 73 (2006)]

testified he and defendant were neighbors and he had known defendant for seven or eight years. About three years before the shooting, defendant borrowed $100.00 from Allen. Defendant eventually repaid some of the money, but still owed the remainder. Allen occasionally asked defendant when he was going to repay the rest of the money, the last time being two weeks before the shooting.

On the morning of 27 July 2002, Allen was riding his motorcycle when defendant approached in a car. Allen pulled over to see what defendant wanted. Defendant told Allen to follow him to his mother's house. Allen agreed because he thought defendant was finally going to repay him. Once they arrived at his mother's house, defendant went inside and came out a few minutes later. Allen testified that when defendant came out he was holding a handgun, partially wrapped in a T-shirt. Defendant put the gun to Allen's head and said, "You not leaving out this alley today." Defendant then walked past Allen about fifteen feet and said "here go you mother— MF money" and shot Allen one time in the back. Allen slid off his motorcycle and ran towards his house. When he looked back, defendant was still standing in the same spot. As soon as Allen arrived home he called 911. He then went outside and sat on the grass and waited for the police to arrive. Allen told the police what happened and identified defendant as the person who shot him. Allen was taken to the hospital for treatment. The bullet from defendant's gun crossed Allen's spine, broke a rib and lodged under his shoulder blade.

In an interview with Detective Craig of the Wilmington Police Department following the shooting, defendant recounted the events leading up to the shooting. Approximately eight months after the shooting, police arrested defendant. He was indicted for one count of assault with a deadly weapon with intent to kill inflicting serious injury and one count of possession of a firearm by a felon. The matter came on for trial and the jury found defendant guilty on both charges. The trial court sentenced defendant to consecutive terms of imprisonment of 133 to 169 months for the assault and 16 to 20 months for possession of a firearm by a felon. Defendant appeals.

[1] In defendant's first argument, he contends the trial court committed plain error when it failed to instruct the jury on the lesser included offense of assault with a deadly weapon inflicting serious injury. We disagree.

Since defendant failed to object to the jury charge or any omission thereto before the jury retired to consider its verdict, our review

is limited to plain error. *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983). The plain error rule only applies in truly exceptional cases, such that where it is applied " '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *Id.* at 661, 300 S.E.2d 379 (citations omitted). To constitute plain error, defendant bears the burden of convincing the appellate court that absent the error, the jury probably would have reached a different verdict. *Odom*, 307 N.C. at 661, 300 S.E.2d 379.

Defendant asserts the trial court committed plain error by failing to instruct the jury to consider whether defendant was guilty of assault with a deadly weapon inflicting serious injury, a lesser-included offense of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant asserts the evidence concerning his intent to kill was equivocal; therefore, the judge should have instructed the jury on the lesser assault crime. Specifically, defendant argues that since he did not immediately shoot Mr. Allen, but walked past him and then shot him only one time in the back, rather than the head, this evidence raises a issue of intent to kill.

The only difference in what the State must prove for the offense of assault with a deadly weapon inflicting serious injury and assault with a deadly weapon with intent to kill inflicting serious injury is the element of intent to kill. *See State v. Grigsby*, 351 N.C. 454, 526 S.E.2d 460 (2000). "Where all the evidence tends to show a shooting with a deadly weapon with the intent to kill, the trial court does not err in refusing to submit the lesser included offense of assault with a deadly weapon." *State v. Riley*, 159 N.C. App. 546, 554, 583 S.E.2d 379, 385 (2003) (citing *State v. Oliver*, 334 N.C. 513, 523, 434 S.E.2d 202, 207 (1993)). " 'The defendant's intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances.' " *Id.* (quoting *State v. James*, 321 N.C. 676, 688, 365 S.E.2d 579, 586 (1988)).

In *State v. Riley*, this Court held the trial court did not commit plain error in failing to instruct the jury on the misdemeanor of assault with a deadly weapon as a possible lesser included offense of the charge of felonious assault with a deadly weapon with the intent to kill. 159 N.C. App. at 553-54, 583 S.E.2d at 385. The only difference between the two charges was intent to kill. *Id.* We held there was sufficient evidence of the defendant's intent to kill where he fired a handgun in a crowd of people while only eighteen feet away and after

shouting words to the effect of "I got you now, I got you now[.]" *Id.* at 554, 583 S.E.2d at 385.

In the instant case, the uncontradicted evidence establishes that defendant went into his home, retrieved a loaded gun, pointed the gun at the victim at close range, told the victim he was not leaving the alley that day, and then shot the victim in the back. Where the defendant points a gun at the victim and pulls the trigger, this constitutes evidence from which intent to kill may be inferred. *See James*, 321 N.C. at 688, 365 S.E.2d at 586; *State v. Reives*, 29 N.C. App. 11, 12-13, 222 S.E.2d 727, 728 (1976). Moreover, defendant shot Mr. Allen in his torso, where the majority of his major organs are located. This also demonstrates an intent to kill since "an assailant 'must be held to intend the natural consequences of his deliberate act.' " *Grigsby*, 351 N.C. at 457, 526 S.E.2d at 462 (citations omitted). It is irrelevant that defendant only shot the victim one time. The lack of multiple shots fired does not negate intent to kill. *See State v. Larry*, 345 N.C. 497, 518, 481 S.E.2d 907, 919 (1997).

Defendant has failed to demonstrate to this Court that absent the alleged error, the jury would probably have reached a different result. This argument is without merit.

**[2]** In defendant's second argument, he contends the trial court erred in granting the State's motion for joinder for trial of the two charges, assault with a deadly weapon with intent to kill inflicting serious injury and possession of a firearm by a felon. Defendant argues that in proving he was a felon in possession of a firearm the State was permitted to introduce evidence of one of his prior felony convictions, which would have been inadmissible had he been tried separately on the assault charge.

N.C. Gen. Stat. § 15A-926(a) governs the joinder for trial of multiple charges against the same defendant. It provides that "[t]wo or more offenses may be joined for trial . . . when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926(a) (2005). The application of this rule requires a two-part analysis: "(1) a determination of whether the offenses have a transactional connection, and (2) if there is such a connection, consideration then must be given as to whether the accused can receive a fair hearing on more than one charge at the same trial." *State v.*

*Perry*, 142 N.C. App. 177, 180-81, 541 S.E.2d 746, 748 (2001) (internal quotation marks and citations omitted). It is within the trial judge's discretion whether to permit the consolidation of offenses against a defendant and we will not overturn that decision absent a clear showing of abuse of discretion. *Id.* at 181, 541 S.E.2d at 749. We note that the parties disagree which statute applies, N.C. Gen. Stat. § 15A-926 or § 15A-927 since defense counsel objected to the State's motion for joinder before the trial and renewed his objection at the close of the State's evidence. Regardless of which statute applies, the test is still the same. *See State v. Manning*, 139 N.C. App. 454, 458-59, 534 S.E.2d 219, 223 (2000) (reciting same test used to review motion made pursuant to N.C. Gen. Stat. § 15A-927).

Defendant concedes that the two charges arose from the same transaction, thereby satisfying the first part of the inquiry. However, he contends the trial court abused its discretion in permitting consolidation because it prejudiced his right to a fair trial on the assault charge. Defendant asserts there is inherent prejudice in joining a charge of firearm possession by a felon with another charge, particularly where that charge also includes the element of a dangerous weapon because the State is permitted to introduce evidence which would ordinarily not be admissible, *i.e.*, that defendant had a prior felony conviction.

In *State v. Floyd*, this Court joined for trial the charges of larceny, robbery with a dangerous weapon, possession of a firearm by a felon, and conspiracy to commit robbery with a weapon. 148 N.C. App. 290, 558 S.E.2d 237 (2002). This Court held the joinder of theses charges "did not 'unjustly or prejudicially' hinder defendant's ability to defend himself." *Id.* at 293, 558 S.E.2d at 239. After reviewing the evidence in the instant case, we conclude the joinder of the two charges did not unjustly or prejudicially hinder defendant's ability to defend himself or to receive a fair hearing. In addition, the evidence was not complicated and the trial court's instruction to the jury clearly separated the two offenses. *See State v. Bracey*, 303 N.C. 112, 118, 277 S.E.2d 390, 394 (1981). This argument is without merit.

[3] In defendant's third argument, he contends the trial court erred by failing to give a limiting instruction concerning the relevance of defendant's prior convictions.

"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired

STATE v. CROMARTIE

[177 N.C. App. 73 (2006)]

the court to make . . . ." N.C. R. App. P. 10(b)(1). In addition, the complaining party must "obtain a ruling upon the party's request . . . ." *Id.* The entire exchange between defense counsel and the judge concerning the limiting instruction was as follows:

> [Defense Counsel]: I don't have the text of these [jury instructions] in front of me. I'm going from the table of contents. Is 104.15 applicable, Your Honor, given the prior evidence of similar acts or crimes?
>
> The Court: I don't think that's appropriate.
>
> [Defense Counsel]: Okay . . .

This exchange did not constitute a "request" within the meaning of Rule 10(b)(1) of the Rules of Appellate Procedure. Rather, defense counsel was simply going down a list of instructions to see what applied. Moreover, counsel's response of "okay" to the judge's statement that he did not believe this instruction was applicable did not constitute an objection. Nor did defense counsel object to the absence of this instruction after the charge conference or after the judge instructed the jury. A party may not assign as error an omission from the jury instruction unless they object before the jury retires to consider the verdict. N.C. R. App. P. 10(b)(2). Since defendant did not properly preserve this issue for appellate review, our review is limited to plain error. *Odom,* 307 N.C. at 661, 300 S.E.2d at 378-79. While defendant assigned plain error, he failed to argue plain error in his brief. Thus, he has waived appellate review of this issue. N.C.R. App. P. 10(c)(4); *State v. Cummings,* 352 N.C. 600, 636-37, 536 S.E.2d 36, 61 (2000).

Even assuming *arguendo* that defendant properly preserved this issue for appeal, the trial court did not err in refusing to give the jury the instruction contained in N.C.P.I.—Crim. 104.15. This instruction relates to evidence of other crimes admitted pursuant to Rule 404(b) of the Rules of Evidence to show proof of motive, opportunity, intent, preparation, *etc.* In this case, the evidence of defendant's other crimes was not admitted pursuant to Rule 404(b) or for any of the purposes listed in N.C.P.I.—Crim. 104.15, but was admitted to establish one of the elements of a crime that the State was required to prove—possession of a firearm by a felon. Thus, a limiting instruction under N.C.P.I.—Crim. 104.15 was not appropriate and the trial court did not err in failing to give that instruction. This argument is without merit.

**[4]** In defendant's forth and final argument, he contends the trial court's findings regarding his prior record points and prior record level were unsupported by the evidence, and therefore, he is entitled to a new sentencing hearing. We disagree.

Defendant contends the State failed to meet the requirements to prove a defendant's prior conviction as set forth in N.C. Gen. Stat. § 15A-1340.14(f). Proof of a defendant's prior conviction may be done in one of four ways: "(1) Stipulation of the parties[;] (2) An original or copy of the court record of the prior conviction[;] (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts[;] (4) Any other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f) (2005). The State bears the burden of proving by a preponderance of the evidence that a prior conviction exists and that the individual before the court is the same person named in the prior convictions. *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002).

The record in the instant case indicates the only evidence presented by the State was a prior record level worksheet listing defendant's prior convictions. "There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *Id.* Therefore, we must review the dialogue between counsel and the trial court to determine whether there was a stipulation of the prior convictions listed on the worksheet the State presented. *Id.* "Counsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur." *State v. Alexander*, 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005).

In the instant case the following pertinent exchange occurred during sentencing:

[Defense Counsel]: I don't have the work sheet in front of me, but it is my recollection that most of Mr. Cromartie's offenses were nonviolent. The prior possession of a firearm by a felon was along with a prior concealed weapon offense. It is my recollection that he had some drug offenses, and I don't believe there were any serious assaults in his history. And again, Your Honor, I don't have the sheet in front of me, but I don't believe he's been convicted of anything since '97, Your Honor.

Defendant argues this statement cannot constitute a stipulation because he did not admit to any specific convictions. In *Alexander*, our Supreme Court found defense counsel had stipulated to the defendant's prior convictions even though he did not refer to any specific convictions, but instead stated, "up until this particular case [defendant] had no felony convictions, as you can see from his worksheet." *Id.* Our Supreme Court held this language constituted a stipulation to the five prior misdemeanor convictions shown on the worksheet. *Id.*

In the instant case, trial counsel acknowledged the worksheet by making specific reference to it. Counsel went further than counsel in *Alexander* by specifically acknowledging the prior convictions for possession of a firearm by a felon and drug offenses. Then counsel proceeded to use the information contained in the worksheet to minimize defendant's prior record as being "nonviolent." Finally, at no time did trial counsel dispute any of the convictions on the worksheet. *See Eubanks*, 151 N.C. App. at 506, 565 S.E.2d at 743. As our Supreme Court held in *Alexander*, defendant cannot "have his cake and eat it too." *Id.* Defendant cannot use the worksheet during his sentencing hearing to seek a lesser sentence and then have his appellate counsel disavow this conduct on appeal in order to obtain a new sentencing hearing.

We hold that under the rationale of *Alexander*, defense counsel stipulated to the convictions shown on the worksheet and found by the trial court to support a felony record level IV. This argument is without merit.

For the reasons discussed herein, we find no error in defendant's trial or sentencing.

NO ERROR.

Judges ELMORE and JACKSON concur.