An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1174
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

    v.

ATOM CHRISTOPHER GRAVES

Wake County
Nos. 10 CRS 222323-24
      12 CRS 5928-29

Appeal by defendant from judgments entered 24 April 2013 by Judge G. Wayne Abernathy in Wake County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General R. Marcus Lodge, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.*

HUNTER, Robert C., Judge.

On 24 April 2013, a jury found defendant Atom Christopher Graves guilty of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, two counts of attempt to obtain property by false pretenses, and possession of a firearm by a felon. Defendant appeals.

Counsel appointed to represent defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

On 16 May 2014, defendant filed a *pro se* brief in which he presents four arguments. First, defendant argues that the trial court erred by overruling his objection to joinder and denying his motion to sever the possession of a firearm by a convicted felon charge. Defendant contends that the joinder of the robbery and possession of a firearm by a felon charges denied him a fair trial, because it required him to choose whether to testify that the firearm was inoperable, thereby admitting to the possession of a firearm by a felon charge, or to refuse to testify, thereby limiting his ability to present a defense to the robbery charge. We do not agree.

The decision of whether to permit joinder of charges pursuant to N.C. Gen. Stat. § 15A-926 (2013) is left to the

trial court's discretion. *State v. Perry*, 142 N.C. App. 177, 181, 541 S.E.2d 746, 749 (2001). Contrary to defendant's argument, we have previously held that a trial court acted within its discretion when it permitted joinder of offenses under similar circumstances, where, as in this case, the charges arose from the same transaction. *See State v. Cromartie*, 177 N.C. App. 73, 78, 627 S.E.2d 677, 681, *disc. review denied*, 360 N.C. 539, 634 S.E.2d 534 (2006). In addition, the record reflects that multiple firearms were used during the robbery. As in *Cromartie*, defendant cannot show that joinder of the charges "unjustly or prejudicially" hindered his ability to present a defense. *Id.* (quoting *State v. Floyd*, 148 N.C. App. 290, 293, 558 S.E.2d 237, 239 (2002)).

Next, relying upon *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 230 (1979), defendant argues that the trial court erred by admitting evidence that one of his codefendants pled guilty based on charges arising from the same incident. Defendant, however, misreads *Campbell* as a blanket bar to the admission of evidence of a codefendant's plea agreement. Instead, *Campbell* holds that evidence of a plea agreement "by one defendant is [not] competent *as evidence of the guilt of a codefendant* on the same charges." *Id*. (emphasis added). Here, the State introduced the evidence of the codefendant's plea

agreement not as evidence of defendant's guilt, but to limit the impact of cross-examination of the codefendant regarding his potential bias arising from his own plea agreement with the State. We also note that defendant did not object to the admission of evidence of the plea agreement at trial, and in fact extensively cross-examined the codefendant about his plea. Accordingly, we hold this argument also lacks merit.

In his third argument, defendant asserts that the trial court erred by denying his motion to dismiss the robbery charge. Defendant's claim is based on the assertion that the store clerk named in the indictment apparently worked under a fictitious name and thus was not a witness for the State at trial. Defendant argues that in the absence of a testifying victim-witness or compelling forensic evidence, the State entirely relied on the testimony of his codefendant to obtain the robbery conviction, and this evidence was insufficient to withstand his motion to dismiss. We do not agree.

"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation omitted),

*cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "In reviewing challenges to the sufficiency of evidence, [the appellate court] must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted). "'If the evidence . . . gives rise to a reasonable inference of guilt, it is for . . . the jury to decide whether the facts shown satisfy them beyond a reasonable doubt of defendant's guilt.'" *State v. Bush*, 78 N.C. App. 686, 688, 338 S.E.2d 590, 591 (1986) (citation omitted).

Here, as defendant concedes, his codefendant testified that defendant took part in the robbery. Defendant argues that his codefendant's testimony was not sufficiently credible to carry the robbery charge to the jury. Viewed in the light most favorable to the State, however, the codefendant's testimony was sufficient. The codefendant was an eyewitness to defendant's participation in the robbery, and his testimony was corroborated by video evidence. *See State v. Jackson*, 215 N.C. App. 339, 346, 716 S.E.2d 61, 67 (2011) (holding that credibility of a witness is a jury issue). Further, the State also presented evidence that defendant attempted to redeem lottery tickets that were proceeds of the robbery, another circumstantial link in the

State's case.  Accordingly, we hold that this argument is without merit.

Finally, defendant argues the trial court erred by failing to instruct the jury concerning the issue of his guilt of the lesser-included offense of common law robbery.  Defendant's argument is based on his contention that the State, in the absence of testimony from the victim-witness, offered inconclusive evidence that the weapon used in the robbery was a dangerous weapon as a matter of law.  We disagree.

Common law robbery is a lesser-included offense of armed robbery, so an indictment for armed robbery can support a conviction for either offense.  Common law robbery is distinguished from armed robbery by the absence of the use or threatened use of a dangerous weapon.  *State v. Smallwood*, 78 N.C. App. 365, 367, 337 S.E.2d 143, 144 (1985).  Thus, "the gist of the offense [of armed robbery] is not the taking of personal property, but a taking or attempted taking by force or putting in fear by the use of firearms or other dangerous weapon." *State v. Harris*, 8 N.C. App. 653, 656, 175 S.E.2d 334, 336 (1970).

We have previously held:

> It is well-settled that "the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could

> find that defendant committed the lesser included offense." But when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, the submission of a lesser included offense is not required.

*State v. Harris*, ___ N.C. App. ___, ___, 730 S.E.2d 834, 839 (citations omitted), *disc. review denied*, 366 N.C. 413, 736 S.E.2d 715 (2012), *cert. denied sub nom Whitaker v. North Carolina*, ___ U.S. ___, 185 L. Ed. 2d 876 (2013).

If a defendant fails to request instructions on a lesser-included offense, this Court reviews the trial court's omission of the instruction for plain error. *State v. Robledo*, 193 N.C. App. 521, 530, 668 S.E.2d 91, 97 (2008). "A plain error is one 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" *State v. Carroll*, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (citation omitted), *cert. denied sub nom Carroll v. North Carolina*, 539 U.S. 949, 156 L. Ed. 2d 640 (2003).

In this case, defendant did not request an instruction on common law robbery and did not object to the charge as given. Therefore, we must review defendant's contention for plain error. Here, the State presented both video and testimonial evidence that defendant employed a gun in the robbery. In

addition, the record reflects that multiple firearms were used during the robbery and that the trial court instructed the jury concerning the acting in concert doctrine. This evidence supported an instruction on armed robbery and armed robbery only. Defendant bases his argument on one response to a question posed on cross-examination to his codefendant. In response to that question, the codefendant admitted that at a trial for another codefendant, he testified that the gun did not work. The codefendant did not repeat that claim about the gun during his testimony at this trial, however, and we do not believe that, even if he had done so, such testimony would have supported a common law robbery instruction given that multiple firearms were used during the robbery. Thus, defendant cannot satisfy the high standard required to demonstrate plain error.

In addition to reviewing defendant's *pro se* argument, in accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

NO ERROR.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).