State v. Brim

---

STATE OF NORTH CAROLINA v. JOE LEE BRIM AND DOUGLAS SANDS

No. 7517SC115

(Filed 21 May 1975)

1. Larceny § 8— possession of recently stolen property — presumption — contention by defendant — instructions

The trial court did not err in failing to instruct the jury on the limitations of the presumption arising from the possession of recently stolen property or in failing to give the jury defendant's contention that he obtained the stolen goods honestly by taking them in pawn from a man in a poolroom where the court properly instructed the

jury as to when the presumption arises, defendant offered no evidence, and defendant made no written request for instructions.·

**2. Criminal Law § 113— acting in concert — instructions**

In a prosecution for breaking and entering and larceny, the court's charge on acting in concert was supported by evidence that both defendants were in joint possession of recently stolen property and that they acted together in attempting to sell the property.

**3. Larceny § 8— instructions —. identification of stolen property**

Trial court's instruction that defendant would be guilty of larceny if he took and carried away without the owner's consent "boxes of tools, two Homelite chain saws, or other items of personal property, or any of these items of personal property which had some value," when considered contextually, did not allow the jury to convict defendant if they found that he had stolen any unspecified item of personal property regardless of whether it was mentioned in the indictment.

**4. Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering — larceny — possession of recently stolen property**

The State's evidence was sufficient for submission to the jury on issues of defendant's guilt of breaking and entering and larceny where it tended to show that defendant and a codefendant were in joint possession of property recently stolen in a break-in and that defendant made an offer to sell the stolen property to another.

**5. Larceny § 8— possession of recently stolen property — presumption**

Where defendant's possession of recently stolen property·was established by direct evidence, it was proper to allow the jury to infer that he could not reasonably have acquired possessison of the stolen property unless he stole the property himself.

**6. Larceny § 7— possession of recently·stolen property.— explanation by defendant — nonsuit question**

The State's evidence in a larceny case was sufficient for the jury under the doctrine of possession of recently stolen property notwithstanding defendant offered evidence that the stolen property was lawfully acquired from a man at a poolroom.·

**· 7. ·Burglary and.Unlawful Breakings § 4; Larceny § 6— attempt to sell property — no identification as item stolen·— competency** ·

In a prosecution for breaking and entering and larceny, testimony that defendant offered to sell the witness a Homelite chain saw the day after the crimes were committed was admissible as circumstantial evidence that defendant was·guilty of the crimes charged although there was no evidence that the chain saw was the same one stolen in the break-in.

·    APPEAL by defendants· from *Exum, Judge.* Judgment entered 9 October 1974 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 11 April 1975.       ..·

These cases were consolidated for trial. ·       :. .

Defendants were charged with felonious breaking and entering and felonious larceny. Upon their pleas of not guilty, the jury returned verdicts of guilty as charged. From judgments sentencing defendant Brim to imprisonment for a term of six years and sentencing defendant Sands to imprisonment for a term of three years, both defendants appealed.

State's evidence tended to show that on 21 March 1974 John Talmage Ziglar found that someone had broken into his locked toolshed, and taken (1) a tool box containing assorted tools, (2) a strap binder used to tighten straps around timber for fork lifting, and (3) two Homelite chain saws; that on the same day the defendants went to the home of Daniel Gray Boles, showed him the same box of tools, told him the tools belonged to Brim, and asked if he would like to buy them; that Boles agreed to buy the box of tools and gave the defendants a check for $30; and that Sands returned to Boles's home the following day and offered to sell him a Homelite chain saw, but Boles decided not to buy it. Other evidence offered by the State showed that on 23 May 1974 Boles told a deputy sheriff that he had purchased a box of tools from the defendants; that the deputy sheriff took the box of tools and showed it to Ziglar, and Ziglar identified the tools as the tools which had been stolen from his toolshed earlier in the year.

Defendant Brim offered no evidence. Defendant Sands offered evidence tending to show that one evening he and Brim were in a poolroom when a man came with a box of tools and wanted to pawn them; that Sands did not have any money, but he told Brim about them, and Brim agreed to lend the man some money and take the tools in pawn; and that "after a couple or three days" the man had not returned to repay the loan and therefore the defendants went to Boles's house and sold him the tools. Other evidence offered by the defendant Sands tended to show that he did not offer to sell Boles a chain saw.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, and Associate Attorney C. Diederich Heidgerd, for the State.*

*Gwyn, Gwyn, & Morgan, by Melzer A. Morgan, Jr., for defendant Brim.*

*Clyde C. Randolph, Jr., and Doris G. Randolph, for defendant Sands.*

PARKER, Judge.

### Defendant Brim's Appeal

[1]   In his first assignment of error defendant Brim contends that the trial court did not instruct the jury adequately on the doctrine of possession of recently stolen property. More specifically, he asserts that the trial court should have discussed the limitations of this presumption and should have given to the jury his contention that he obtained the stolen goods honestly by taking them in pawn from the man in the poolroom. We find no merit in defendant's first contention. Here the trial court instructed the jury that the presumption raised by the doctrine of possession of recently stolen property would apply only if the jury found "beyond a reasonable doubt that certain personal property was stolen from Tal Ziglar's building and the defendant . . . had possession of the same personal property as soon after it was stolen and under such circumstances as to make it unlikely that he obtained its possession honestly, . . ." In our opinion this instruction was sufficient. We also note that defendant Brim presented no evidence on his behalf at the trial. Furthermore, his counsel presented no written request for instructions prior to the charge. This assignment of error is overruled.

[2]   Defendant Brim next contends that the trial court erred in charging the jury on the law pertaining to "conspiracy". The trial court instructed the jury as follows:

"Members of the jury, in order for a person to be guilty of a criminal offense, it is not necessary that he himself do all the acts necessary to constitute the criminal offense. If two or more persons act together with the common purpose to commit a criminal offense, each of them is held responsible for the acts of the other, or others, done in the commission of the criminal offense."

According to defendant Brim, this instruction allowed the jury to convict him upon a finding that the defendant Sands was guilty of any of the offenses charged, when there was no evidence Brim acted with Sands for the common purpose of committing a criminal offense. There was evidence that Brim and Sands were in joint possession of recently stolen property, and that *they* went to the home of Boles and offered to sell him the tools after *"they* said *they* were in the lumber sawmill business,

State v. Brim

pulpwood business, something of that nature, and were getting out of the business [and this] was the reason *they* were selling it so cheap. The defendants were in each other's presence. *They* agreed on the price." (Emphasis supplied.) The charge on acting in concert is supported by the evidence, and this assignment of error is overruled.

[3] Defendant Brim's final assignment of error relates to the trial court's charge to the jury that a verdict of guilty should be returned "if you find from the evidence and beyond a reasonable doubt that on or about March 21, 1974, the defendant, Joe Lee Brim, took and carried away from a storage building owned by Tal Ziglar, certain personal property, to wit: boxes of tools, *two Homelite chain saws, or other items of personal value, or any of these items of personal property which had some value,* without the consent of Tal Ziglar . . . then it would be your duty to return a verdict of guilty of felonious larceny." Defendant Brim contends that this instruction allowed the jury to convict him if they found that he had stolen any unspecified item of personal property, regardless of whether it was mentioned in the indictment.

It is well settled in this State that "[a] charge will be construed contextually as a whole, and when so construed, it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed, an exception thereto will not be sustained." 7 Strong, N. C. Index 2d, Trial, § 33, p. 330. When the charge is read contextually it is sufficient.

## Defendant Sands's appeal

Defendant Sands's first assignment of error relates to the denial of his motions for nonsuit at the close of the State's evidence and at the close of all the evidence.

"By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. His later exception to the denial of his motion for nonsuit made at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury. (Citations omitted.)" *State v. McWilliams,* 277 N.C. 680, 687, 178 S.E. 2d 476 (1971).

[4]   The State relied entirely on the doctrine of possession of recently stolen property to overcome defendant's motion for nonsuit. Defendant Sands maintains this doctrine is inapplicable to the evidence in the present case because (1) all the evidence tends to establish that he never had possession; and (2) assuming the evidence supports an inference that he was in possession of the stolen property, this inference cannot be extended to support a further inference that he was either the thief or one of the thieves; (3) all of the evidence includes an explanation tending to destroy the basis for the inference; and (4) the State's evidence exonerates him. As we have already noted, there was plenary evidence that the defendants were in joint possession of the recently stolen property and that *they* sold the property to Boles. Moreover, on several occasions the defendant testified that "[w]e had the tools with *us*" and "I told Mr. Boles how *we* come by them tools". (Emphasis supplied.) Finally, it is undisputed that Sands drove Brim out to Boles's home and that Sands made the offer to sell the tools to Boles.

> "One who has the requisite power to control and intent to control access to and use of a vehicle or a house has also the possession of the known contents thereof. (Citations omitted.)" *State v. Eppley,* 282 N.C. 249, 254, 192 S.E. 2d 441, 445 (1972).

[5]   With respect to defendant's second contention, it is unnecessary to rely upon an inference that he had possession of the stolen property. Defendant's possession having been established by direct evidence, it was entirely proper to allow the jury to infer that he could not have reasonably acquired the possession of the stolen property unless he stole the property himself.

[6]   Defendant next argues that the State's evidence was insufficient to withstand his motion for nonsuit because of the explanation that Brim lawfully acquired the goods from a man at a poolroom. We find no merit in this contention. Our Supreme Court has held such self-serving explanations insufficient to destroy the basis for the inference that the defendant was guilty of larceny.

> "The evidence that the defendant was in the possession of many articles of sample clothing found concealed in the trunk of the automobile which he was driving within less than three days after the articles were stolen was sufficient

to take the case to the jury and to sustain the verdict. The defendant's explanation that he and one of his companions bought $600.00 worth of new clothing from a colored man somewhere in Atlanta for the sum of $80.00 was not calculated to weaken the presumption that the recent and unexplained possession of stolen property gives rise to an inference of fact that the possessor was the thief. Evidence was ample to sustain the conviction." *State v. Jolley,* 262 N.C. 603, 604, 138 S.E. 2d 212, 212-213 (1964).

Considering the evidence in the light most favorable to the State, as we must on motion to nonsuit, we conclude there was plenary evidence to sustain the defendant Sands's conviction. This assignment of error is overruled.

[7]  In his second assignment of error defendant Sands contends that State's witness Boles should not have been permitted to testify that Sands offered to sell him a Homelite chain saw on 22 March 1974, since there was no evidence that this chain saw was the same chain saw that was stolen from Ziglar. We disagree. In our opinion, although such testimony, standing alone, was insufficient to convict the defendant, it was admissible as circumstantial evidence that defendant was guilty of the offenses charged. This assignment of error is overruled.

Questions raised by defendant Sands's remaining assignments of error were raised by defendant Brim, and were found to be without merit.

Defendants received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and CLARK concur.