STATE OF NORTH CAROLINA v. DAVID LEE FLEMING

No. 7525SC250

(Filed 2 July 1975)

**Narcotics § 4— marijuana in car — possession by driver — sufficiency of evidence**

In a prosecution for possession of marijuana, evidence was sufficient to be submitted to the jury where it tended to show that defendant was the driver of an automobile which an officer stopped because the vehicle did not have a taillight working, the patrolman observed a passenger hiding something behind his leg on the floorboard of the car, the patrolman obtained defendant's permission to search the car, defendant told the passenger to get rid of the bag, and the bag seized by the patrolman contained marijuana.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 29 January 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 28 May 1975.

Defendant was charged with possession of more than one ounce of marijuana. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of nine months, defendant appealed.

In the light most favorable to the State the evidence tended to show the following: At approximately 10:00 p.m. on 20 May 1974 a patrolman with the Morganton Police Department observed the defendant operating a 1971 Toyota automobile with "[n]o taillights." After stopping the defendant, and advising him that "he did not have a taillight working on his vehicle," the patrolman observed a passenger in the defendant's automobile "hiding something behind his leg on the floorboard of the car." The patrolman advised the defendant of his constitutional rights and the defendant stated that he understood his rights. The patrolman then obtained the defendant's consent to search the automobile. As the patrolman approached the left door of the defendant's automobile, which was open at the time, the patrolman overheard the defendant tell his passenger to "Get rid of the bag." The patrolman next observed the passenger reach down and take a brown paper bag from behind his leg and toss it into the back seat of the automobile.

The patrolman testified that he "did not actually have to search the car to get the bag." He saw the bag, picked it up and

discovered that it contained a "vegetable type of material," which was later identified as marijuana by an expert chemist with the State Bureau of Investigation.

The defendant testified that he was driving an automobile titled in his mother's name, when he was "flagged" down by someone he knew, but had not seen for "at least a year and a half." His friend was carrying a paper bag and wanted a ride home. Defendant testified that after he and his friend had travelled "about three or four blocks" a patrolman got in behind him, then turned on his blue light and pulled him over on the side of the road. According to the defendant it was not until he was in the process of getting out of the automobile that his friend told him "there was pot in the bag." Defendant admitted that he subsequently told his friend to "get rid of that bag."

Defendant's mother and stepfather testified as to his good behavior during a period of probation.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*John H. McMurray for defendant appellant.*

MORRIS, Judge.

In his first assignment of error defendant objects to the denial of his motion for a directed verdict made at the close of all the evidence. He argues that the evidence is insufficient to show constructive possession and that the evidence shows only proximity of the defendant to a controlled substance and not "the power and intent to control its disposition and use." We disagree.

> "An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxta-

position to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' (Citations omitted.)" *State v. Harvey,* 281 N.C. 1, 12-13, 187 S.E. 2d 706, 714 (1972).

Moreover, as we noted in the case of *State v. Brim,* 25 N.C. App. 709, 714, 214 S.E. 2d 622, 625 (1975):

" 'One who has the requisite power to control and intent to control access to and use of a vehicle or a house has also the possession of the known contents thereof. (Citations omitted.)' *State v. Eppley,* 282 N.C. 249, 254, 192 S.E. 2d 441, 445 (1972)."

The trial court instructed the jury as follows:

"Furthermore, one possesses marijuana only if he has knowledge of his power of control over that substance.

If the defendant, David Fleming, had marijuana within his power of control, but was unaware of that fact, then he is not guilty of the possession of it . . . . "

Whether the defendant was aware that marijuana was in the automobile was properly a question for the jury. As there was sufficient evidence to go to the jury, this assignment of error is overruled.

In his only remaining assignment of error, defendant asserts that the trial court's charge to the jury was insufficient with respect to the application of the law of possession to the facts of this case. We note that the trial court did charge the jury on constructive possession. However, defendant maintains the instruction was insufficient in light of the fact that the jury asked for clarification of the law on three separate occasions. We find no merit in this contention. We have examined the charge and conclude the charge was adequate and fair to all parties.

Defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge HEDRICK concur.