STATE OF NORTH CAROLINA v. JOSE FELIX SANTIAGO CARRILLO

No. COA03-725

(Filed 4 May 2004)

**1. Searches and Seizures— anticipatory warrant—description of triggering event—sufficiency**

An anticipatory search warrant was valid in a cocaine case where the warrant sufficiently incorporated the supporting affidavit, and the affidavit identified both the event which would trigger execution of the warrant (acceptance of a package) and the condition upon which the warrant would not be executed (refusal of the package).

STATE v. CARRILLO

[164 N.C. App. 204 (2004)]

**2. Evidence— opinion—law enforcement officers—not plain error**

There was no plain error in a cocaine prosecution where law enforcement officers were erroneously allowed to give their opinion that defendant knew that a package shipped to him contained cocaine and knew that he had been caught. Defendant failed to show that the jury would have reached a different verdict without this testimony.

**3. Constitutional Law— effective assistance of counsel— effect on outcome—not shown**

Defendant did not receive ineffective assistance of counsel in a cocaine prosecution where he did not show that a different result would have been obtained without counsel's alleged errors.

Appeal by defendant from judgment entered 20 November 2002 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 16 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Richard L. Harrison, for the State.*

*Paul M. Green, for defendant-appellant.*

TYSON, Judge.

Jose Felix Santiago Carrillo ("defendant") appeals from a judgment entered following a jury's verdict finding him guilty of trafficking in cocaine by possession of 400 grams or more of cocaine. We hold that defendant received a trial free from prejudicial error.

I. Background

Defendant is a Mexican national and an illegal alien who had resided within the United States for three years prior to his arrest. For six months prior to his arrest, defendant lived in an apartment in Pitt County, North Carolina, and worked as a drywall installer. The United States Customs Service ("U.S. Customs") intercepted a package mailed from an address in Mexico and addressed to defendant at his residence in Pitt County. The package was mailed from a location in Mexico, which the U.S. Customs had identified as a drug origination point for transporting drugs into the United States. U.S. Customs Inspector Richard Rice determined that the package contained a large amount of cocaine concealed inside three ceramic turtles.

U.S. Customs agents notified the City of Greenville Police of the package and its contents. An affidavit was prepared, and an anticipatory search warrant was obtained. The magistrate issued a search warrant consisting of generic language. The affidavit attached to the search warrant detailed the circumstances under which the package was intercepted, the exact address to where the package was being delivered, the person to whom the package was being delivered, and the specific events· expected to happen in the future, which would, upon their occurrence, establish probable cause to suspect that defendant was in possession of and trafficking in cocaine.

Defendant had lived at the address appearing on the package for some time, and telephone service at that address was listed in defendant's name. An officer with the Greenville Police Department, disguised as a delivery man, carried the package to the address. Defendant accepted delivery of the package, signed for it, and carried the package inside the apartment. Police waited approximately ten minutes before proceeding to execute the anticipatory warrant. Police went to the door, spoke with defendant, read him portions of the search warrant in Spanish, and searched his apartment. Police found the package inside the apartment by the front door. Officers also found broken pieces of glass turtles similar to the glass turtles found inside the package delivered to and accepted by defendant. The broken pieces contained trace amounts of cocaine.

Defendant was arrested and charged with trafficking in cocaine. Defendant did not offer any evidence. The jury convicted defendant, and the trial court sentenced him to a minimum term of 175 months and a maximum term of 219 months. Defendant appeals.

## II. Issues

Defendant contends the trial court erred in: (1) denying his motion to suppress the fruits of a search conducted under color of an invalid search warrant; and (2) allowing law enforcement officers to testify to their opinions of whether defendant knew the package contained illegal drugs.

## III. Anticipatory Search Warrant

[1] Defendant argues the anticipatory search warrant is facially invalid because the issuing magistrate failed to indicate that it was conditioned upon a specific, narrowly drawn triggering event. We disagree.

"An anticipatory search warrant, by definition, is 'not based on present probable cause, but on the expectancy that, at some point in the future probable cause will exist.'" *State v. Baldwin*, 161 N.C. App. 382, 387, 588 S.E.2d 497, 502 (2003) (quoting *State v. Smith*, 124 N.C. App. 565, 571, 478 S.E.2d 237, 241 (1996)). "An anticipatory warrant must set out, on its face, conditions that are 'explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents.' The magistrate must ensure that the 'triggering events'—those events which form the basis for probable cause—are 'both ascertainable and preordained.'" *Smith*, 124 N.C. App. at 572, 478 S.E.2d at 242 (quoting *U.S. v. Ricciardelli*, 998 F.2d 8, 12 (1st Cir. 1993)).

The United States Supreme Court recently held, "[t]he fact that the *application* adequately described the 'things to be seized' does not save the *warrant* from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Groh v. Ramirez*, 540 U.S. 551, 557, 157 L. Ed. 2d 1068, 1078 (2004) (citation omitted). The Supreme Court, however, limited this holding:

> We do not say that the Fourth Amendment forbids a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant.

*Id.* at 557-58, 157 L. Ed. 2d 1078.

N.C. Gen. Stat. § 15A-246 (2003) sets forth the form and content requirements of a search warrant. This Court has held that these requirements may appear either on the face of the warrant or in the supporting affidavits. "It is permissible to incorporate the description of the items to be searched for and the place to be searched in the warrant by reference to the affidavit." *State v. Flowers*, 12 N.C. App. 487, 491, 183 S.E.2d 820, 822 (citing *State v. Mills*, 246 N.C. 237, 98 S.E.2d 329 (1957), *cert. denied*, 279 N.C. 728, 184 S.E.2d 885 (1971).

Defendant argues the "triggering event" was not set forth on the face of the anticipatory search warrant. The State responds that the affidavit and warrant can be read together to provide the specificity and particularity required under the United States and North Carolina

Constitutions and N.C. Gen. Stat. § 15A-246. The search warrant referenced the affidavit several times and incorporated the document by stating on the face of the warrant, "there is probable cause to believe that the property and person described in the application on the reverse side and related to the commission of a crime is located as described in the application." Additionally, the warrant stated on its face, "[y]ou are commanded to search the premises, vehicle, person and other place or item described in the application for the property and person in question." The attached affidavit, which applied for issuance of the warrant, clearly stated:

> On 20 June 2001, your applicant and other officers will attempt to deliver the . . . package to [defendant] at [defendant's address]. *If deliver* [sic] *of the package is accepted* a search will be conducted of [defendant's address] after giving the occupants time to open the package. *If delivery of the package is not accepted the search warrant will be returned unserved.*

(emphasis supplied).

In *Smith*, we recognized that an anticipatory search warrant "must minimize the officer's discretion in deciding whether or not the 'triggering event' has occurred to 'almost ministerial proportions.' This means the events which trigger probable cause must be specified in the warrant to a point 'similar to a search party's discretion in locating the place to be searched.' " 124 N.C. App. at 572, 478 S.E.2d at 242 (quoting *Ricciardelli*, 998 F.2d at 12). We granted the defendant in *Smith* a new trial because "[t]he affidavit was written in the present or past tense, and in no way expresses that it is 'contingent,' or in 'anticipation' of future events." *Smith*, 124 N.C. App. at 568, 478 S.E.2d at 239. Here, the language used in the supporting affidavit not only identifies the triggering events as occurring in the future, but also states the future condition upon which the warrant will *not* be executed.

We previously recognized, "[t]he framers of our constitution sought to check the tendency of government to overreach by placing a constitutional mantle around the right to privacy in one's person, home and effects." *Id.* at 570, 478 S.E.2d at 240 (quoting *State v. Carter*, 322 N.C. 709, 718, 370 S.E.2d 553, 558 (1988)). Here, the anticipatory search warrant sufficiently incorporated by reference the attached affidavit, which clearly identified the triggering events required to execute the warrant. This assignment of error is overruled.

STATE v. CARRILLO

[164 N.C. App. 204 (2004)]

IV. Opinion Testimony

[2] Defendant contends the trial court committed plain error in allowing law enforcement officers to testify to their opinions regarding defendant's knowledge that the package contained illegal drugs and that defendant realized he had been caught. Defendant argues he received ineffective assistance of counsel because his attorney did not object to the testimony he now assigns as erroneous. We disagree.

A. Plain Error

Because defense counsel did not object to the testimony now assigned as error our review is limited to a consideration of plain error. See N.C.R. App. P. 10(b)(1) (2004); N.C.R. App. P. 10(c)(4) (2004). "[D]efendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

Sergeant A.P. White ("Sergeant White") testified regarding the habits of drug traffickers. Defense counsel specifically asked Sergeant White, "Is it safe to say that somewhere along the lines, somebody in that situation could be an unwilling participant in the transfer of drugs?" Sergeant White responded, "Are you asking my opinion?" When defense counsel responded affirmatively, Sergeant White testified,

> No, because you're talking about $28,000.00 street value worth of cocaine. People that ship cocaine . . . know who they're shipping it to, and those people on the other unit or on the receiving end are expecting that package within a certain time period, and that was the main reason for our urgency trying to get that package delivered because we knew that they were expecting it.
>
> . . . .
>
> I think your client knew what was in that package.

Defendant made no objection or motion to strike this testimony.

U.S. Customs Agent Michael Doherty ("Agent Doherty") testified on direct examination, without objection, that defendant dropped his head, stared at the ground, and "would not answer" when asked if the turtles belonged to him and who had provided him with a fictitious Social Security Card. On cross-examination, defense counsel asked, "And he puts his head down and you bring that up now, for what rea-

son do you bring that up?" Agent Doherty testified, "His reaction. . . . I think if I can give my opinion, I think he realized he had been caught." When asked by defense counsel whether defendant's reluctance to answer questions was possibly due to the fact he had no answer, Agent Doherty testified:

> My opinion is that he realized he was caught and that he couldn't bluff or lie his way out of it. To answer your question, a very remote possibility. That's not a normal reaction from what I've seen from other individuals that I've arrested that were in his situation. When someone is cooperating with you and talking to you and all of a sudden, they quit talking and drop their eyes to the ground and they say they want to speak to an attorney, 99.9 percent of the people that have done that to me, a hundred percent of the people that have done that to me, have been guilty.

In response, defense counsel asked, "Everybody who wants to talk to an attorney is not guilty, are they?" Agent Doherty stated, "No sir. I didn't say that. . . . they realize that right then and there they are caught. . . ." As with Sergeant White's testimony, defendant made no objection or motion to strike this testimony.

Sergeant White's and Agent Doherty's testimony informed the jury how drugs are sent through a chain of drug handlers. We hold that the trial court erred in allowing the officers to offer their opinions of whether defendant was guilty. *See State v. Fleming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732, *cert. denied*, 528 U.S. 941, 145 L. Ed. 2d 264 (1999) ("The trial judge . . . has the duty to supervise and control a defendant's trial . . . to ensure fair and impartial justice for both parties."); *but see State v. Crawford*, 329 N.C. 466, 477, 406 S.E.2d 579, 585 (1991) ("Rule 704 provides that '[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' N.C.G.S. § 8C-1, Rule 704 (1988)."). Defendant did not object to or move to strike any of this testimony. Defense counsel elicited much of the testimony defendant now assigns as error. Under plain error review, we must consider whether the jury would have reached a different result had the error not occurred. *Jones*, 355 N.C. at 125, 558 S.E.2d at 103.

Evidence at trial showed that the package was intercepted by the U.S. Customs agents and contained three ceramic turtles with a substantial amount of cocaine concealed inside. The package was mailed from a location in Mexico that U.S. Customs agents had identified as

a mail origination point for cocaine sent to the United States. The package was addressed to defendant at his residence. Defendant accepted the package. It was found inside his residence minutes after he had taken possession of it. Broken pieces of similar turtles containing traces of cocaine were also found inside his apartment.

Although it was error to allow the law enforcement officers to provide their opinions regarding defendant's guilt, defendant has failed to show that without this testimony the jury would have reached a different verdict. *Id.* This assignment of error is overruled.

### B. Ineffective Assistance of Counsel

[3] In reviewing an appeal based on ineffective assistance of counsel, this Court must first determine whether there was a reasonable probability that without counsel's alleged errors, the outcome of the trial would have been different. *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). If we were to conclude there was a reasonable probability that the outcome would have been different, this Court must consider whether counsel's actions were in fact deficient. *Id.* As we have already determined, defendant has failed to show that a different outcome at trial would have occurred if defense counsel had objected to this testimony. This assignment of error is overruled.

### V. Conclusion

The anticipatory search warrant was not facially invalid. The trial court did not err in denying defendant's motion to suppress the evidence seized under a search conducted pursuant to this warrant. The trial court erred in allowing Sergeant White and Agent Doherty to offer their opinions of whether defendant was guilty. This error does not require a new trial under plain error review. Considering the totality of the evidence presented at trial, we hold defendant received a trial free from prejudicial error.

No prejudicial error.

Judge WYNN and HUNTER concur.