STATE OF NORTH CAROLINA, PLAINTIFF v. LORENZO ROBLEDO, DEFENDANT

No. COA07-1568

(Filed 4 November 2008)

## 1. Drugs— trafficking in marijuana by possession—sufficiency of evidence—knowing possession

The trial court did not err by denying defendant's motion to dismiss the charge of trafficking in marijuana by possession even though defendant contends there was insufficient evidence of knowing possession of marijuana because: (1) the record revealed evidence of defendant's knowing possession of the marijuana found in his car including that defendant signed for and collected a package containing 44.1 pounds of marijuana, defendant helped load another package addressed to his niece containing 43.8 pounds of marijuana into the back seat of his car about a half hour later, and both boxes addressed to his niece containing a total of 87.9 pounds were found when law enforcement searched the car defendant was driving; and (2) defendant's possession of the marijuana was accompanied by several incriminating circumstances supporting an inference that defendant was aware of what the packages contained, in turn supporting the element of knowing possession, including that defendant had once lived in the same residence as his niece and he knew his niece frequently got this type of packages, defendant said that he was expecting to earn between $50 and $200 for simply taking the package from the UPS store to his niece even though his assertion as to the expected amount of money changed several times during the interview with the police, and the address on one of the boxes was found by law enforcement to be nonexistent.

## 2. Drugs— conspiracy to traffic marijuana—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of conspiracy to traffic marijuana because: (1) defendant cited no authority, and none was found, for the proposition that the State's voluntary dismissal of a conspiracy charge against one codefendant should be considered in ruling on a motion to dismiss the conspiracy charge against another codefendant; and (2) viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, the State presented sufficient evidence of mutual

implied understanding between defendant and a coparticipant to traffic marijuana.

### 3. Drugs— trafficking in marijuana by possession—conspiracy to traffic marijuana—failure to instruct on lesser-included offenses

The trial court did not err or commit plain error in a trafficking in marijuana by possession and conspiracy to traffic marijuana case by failing to instruct the jury on the lesser-included offenses of possession of more than ten but less than fifty pounds of marijuana and conspiracy to traffic in these amounts because the State presented evidence showing that: (1) defendant had possession of two boxes which contained marijuana totaling 87.9 pounds, each box holding approximately half of the total; (2) defendant was accompanied by his codefendant when the boxes were found together in the car he was driving; and (3) defendant presented no conflicting evidence to suggest that he had possession of only one package which would have required the trial court to instruct on the lesser-included offenses.

Appeal by defendant from judgment entered on or about 19 July 2007 by Judge Dennis J. Winner in Henderson County Superior Court. Heard in the Court of Appeals 15 May 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*William D. Auman for defendant-appellant.*

STROUD, Judge.

Defendant Lorenzo Robledo appeals from judgment entered upon jury verdicts finding him guilty of trafficking in marijuana and conspiracy to traffic in marijuana. Defendant contends the trial court erred by: 1) denying his motion to dismiss the trafficking charge on the basis of insufficient evidence, 2) denying his motion to dismiss the conspiracy to traffic charge on the basis of insufficient evidence, and 3) failing to instruct the jury on the lesser-included offenses of trafficking by possession and conspiracy to traffic marijuana in amounts greater than ten pounds, but less than fifty pounds. After careful review of the record we conclude defendant received a fair trial, free of reversible or plain error.

## I. Factual Background

On 27 June 2006, the Hendersonville Police Department ("HPD") received a phone call from a DEA agent in Texas describing a package being shipped to the Hendersonville UPS store ("the UPS store") that possibly contained marijuana. Detective Adams and Captain Jones, HPD officers, went to the UPS store on 29 June 2006 and opened the box designed for a DeWalt miter saw ("the DeWalt box"). The DeWalt box was wrapped on the outside with plastic wrap. The box contained four bricks of tightly packaged marijuana protected by styrofoam. Detergent had been poured around the marijuana to negate the smell. Captain Jones repackaged the contents and took the entire box to the HPD evidence storage room. Several phone calls were made to inform the addressee that the package could not be delivered and must be picked up. The box was addressed to a person named Armando Iberra, at an address which Detective Adams had determined to be non-existent.

On 5 July 2006, defendant went to the UPS store in a Pontiac Grand Am[1] to collect a Member's Mark box. The box was not addressed to defendant, but he produced an authorization note from his niece, Esperanzo Garcia ("Garcia"), in order to sign for and receive the box. About a half hour later, defendant returned to the UPS store with his alleged co-conspirator, Brenda Gilliam ("Ms. Gilliam") in the Grand Am. Ms. Gilliam entered the UPS store and requested the DeWalt box. Captain Jones was telephoned, and the box was quickly transported from the evidence storage room to the UPS store. Meanwhile, Detective Adams set up surveillance across the street.

Ms. Gilliam also produced an authorization note from Garcia in order to sign for and receive the box. Ms. Gilliam walked outside to the Grand Am driven by defendant. Cindy, the UPS counter clerk, helped Ms. Gilliam carry the box to the car. Defendant got out of the Grand Am and helped load the DeWalt box into the car, first trying to place it inside the trunk then eventually putting the box on the back seat.

After driving out of the UPS store parking lot, defendant and Ms. Gilliam were stopped by law enforcement and arrested. Detective Adams searched the vehicle. The DeWalt box was removed and the marijuana inside was later weighed to be 43.8 pounds. The Member's

---

1. The Grand Am was registered to Roberto Alcarez, but was defendant's car to drive.

Mark box collected earlier by defendant was discovered on the driver's side floorboard of the back seat. The Member's Mark box was examined at the scene and found to contain the exact same type of packaging as the DeWalt box and four bricks of marijuana. That marijuana was later weighed to be 44.1 pounds, for a total of 87.9 pounds in the two boxes.

Captain Jones later interviewed defendant. In the interview, defendant asserted that he and Garcia had previously lived at the same residence and that she had received many packages from UPS. He also acknowledged that he knew he would be collecting two packages that day. Finally, changing his story during the interview, he acknowledged that he was expecting to be paid fifty ($50), one hundred ($100), or two hundred ($200) dollars just for delivering the packages.

On 27 November 2006, the Henderson County Grand Jury indicted defendant for trafficking in marijuana in violation of N.C. Gen. Stat. § 90-95(h)(1) and conspiring to traffic in marijuana in violation of N.C. Gen. Stat. § 90-95(l). Defendant was tried before a jury in Superior Court, Henderson County from 17 to 18 July 2007. The jury found defendant guilty of trafficking in marijuana and conspiracy to traffic in marijuana. Upon the jury verdict, the trial court sentenced defendant to 35 to 42 months in the North Carolina Department of Corrections and a fine of $25,000. Defendant appeals.

## II. Motions to Dismiss

Defendant argues the trial court erred when it denied his motions to dismiss both the trafficking charge and the conspiracy to traffic charge on the basis of insufficient evidence to sustain a conviction. We disagree.

### A. Standard of Review

A defendant may move to dismiss a criminal charge when the evidence is not sufficient to sustain a conviction. N.C. Gen. Stat. § 15A-1227(a) (2005).

> Evidence is sufficient to sustain a conviction when, viewed in the light most favorable to the State and giving the State every reasonable inference therefrom, there is substantial evidence to support a jury finding of each essential element of the offense charged, and of defendant's being the perpetrator of such offense.

*State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007) (citations, quotation marks and brackets omitted).

"Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court . . . does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (citations and quotation omitted), *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002). Evidence is not substantial if it "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, [and] the motion [to dismiss] should be allowed . . . even though the suspicion so aroused by the evidence is strong." *State v. Hamilton*, 145 N.C. App. 152, 155, 549 S.E.2d 233, 235 (2001) (citation, quotation marks, brackets, and ellipses in original omitted). This Court reviews the denial of a motion to dismiss for insufficient evidence *de novo*. *Bagley*, 183 N.C. App. at 523, 644 S.E.2d at 621.

B. Trafficking by Possession

[1] Defendant contends the trafficking charge should have been dismissed and not submitted to the jury because the State did not present sufficient evidence of knowing possession of marijuana. Defendant specifically argues that "[n]o evidence was introduced to indicate that Mr. Robledo had any knowledge of what was in either the DeWalt or Member['s] Mark box, as the state showed merely that he had agreed to make a pickup on behalf of the third party." Citing *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), defendant argues "[t]he state must prove that Mr. Robledo had requisite knowledge that a controlled substance was contained within the boxes[,]" then recites facts which he contends prove defendant did not know what was in the boxes.

While not expressly included in N.C. Gen. Stat. § 90-95(h)(1),[2] it is well-settled that the offense of trafficking a controlled substance by possession requires "knowing possession." *State v. Shelman*, 159 N.C. App. 300, 307, 584 S.E.2d 88, 94, *disc. review denied*, 357 N.C. 581, 589 S.E.2d 363 (2003). "The 'knowing possession' element of the

---

2. Any person who . . . possesses in excess of 10 pounds (avoirdupois) of marijuana shall be guilty of a felony which felony shall be known as "trafficking in marijuana" and if the quantity of such substance involved . . . [i]s 50 pounds or more, but less than 2,000 pounds, such person shall be punished as a Class G felon and shall be sentenced to a minimum term of 35 months and a maximum term of 42 months in the State's prison and shall be fined not less than twenty-five thousand dollars ($25,000)[.]

N.C. Gen. Stat. § 90-95(h)(1) (2005).

offense of trafficking by possession may be established by a showing that (1) the defendant had actual possession, (2) the defendant had constructive possession, or (3) the defendant acted in concert with another to commit the crime." *State v. Reid*, 151 N.C. App. 420, 428, 566 S.E.2d 186, 192 (2002) (citation omitted).[3]

"Whether the defendant was aware that marijuana was in the automobile [is] properly a question for the jury [if] there [is] sufficient evidence to go to the jury[.]"[4] *State v. Fleming*, 26 N.C. App. 499, 500-01, 216 S.E.2d 157, 158 (1975). Direct evidence is not required; awareness or knowledge may be inferred from incriminating circumstances. *State v. Wiggins*, 185 N.C. App. 376, 387-88, 648 S.E.2d 865, 873-74, *disc. review denied*, 361 N.C. 703, 653 S.E.2d 160 (2007); *see also* N.C.P.I.—Criminal 104.41 ("A person's awareness of the presence of the [substance] [article] and his power and intent to control its disposition and use may be shown by direct evidence, or may be inferred from the circumstances." (Brackets in original.)).

"North Carolina Courts interpreting incriminating circumstances have found many examples of circumstances sufficient to allow a case to go to the jury." *State v. Neal*, 109 N.C. App. 684, 687, 428 S.E.2d 287, 290 (1993). Three circumstances which have been con-

---

3. Defendant conflates the theories of actual and constructive possession in his argument, but the distinction is immaterial in this case, because being aware of the presence of the contraband is an essential element of both actual and constructive possession. *Compare State v. Diaz*, 155 N.C. App. 307, 314, 575 S.E.2d 523, 528 (2002) ("A defendant has actual possession of a substance if it is on his person, he is *aware of its presence*, and either by himself or with others, he has the power and intent to control its disposition or use." (Emphasis added.)), *cert. denied*, 357 N.C. 464, 586 S.E.2d 271 (2003), *with State v. Wiggins*, 185 N.C. App. 376, 386-87, 648 S.E.2d 865, 872-73 ("A person is said to have constructive possession when he, without actual physical possession of a controlled substance, has both the intent and the capability to maintain dominion and control over it. . . . Power and intent to control the contraband material can exist only when one is *aware of its presence*." (Citations, quotations and brackets omitted and emphasis added.)), *disc. review denied*, 361 N.C. 703, 653 S.E.2d 160 (2007); *see also State v. Harris*, 178 N.C. App. 723, 725, 632 S.E.2d 534, 536 (2006) ("An accused has possession of a controlled substance within the meaning of the law when he has both the power and intent to control its disposition or use. Necessarily, power and intent to control the controlled substance can exist only when one is aware of its presence." (Citations and quotation marks omitted.)), *aff'd*, 361 N.C. 400, 646 S.E.2d 526 (2007).

4. Even the primary case cited by defendant appears to support the proposition that a defendant's denial of knowledge of contraband creates a jury question. *State v. Boone*, 310 N.C. 284, 292, 311 S.E.2d 552, 558 (1984), quotes and relies upon *State v. Elliott*, 232 N.C. 377, 378, 61 S.E.2d 93, 95 (1950), which stated, "[h]ere the appellant specifically pleads want of knowledge of the presence of liquor on the automobile and offered evidence in support of that plea. He thereby raised a determinative issue of fact."

sistently considered by the courts of this State on the issue of awareness or knowledge are (1) the degree of the defendant's control over the place where the contraband was found, *see State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270-71 (2001) ("Where [contraband] materials are found on the premises under the [exclusive] control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." (Citation and quotation marks omitted)); *State v. Barfield*, 23 N.C. App. 619, 623, 209 S.E.2d 809, 812 (1974) ("evidence that defendant admitted that he placed the plastic bag which contained the heroin in the trash can [only a few steps from the door of his house], though he denied any knowledge of the contraband nature of its contents" was sufficient to survive the defendant's motion to dismiss), *cert. denied*, 286 N.C. 416, 211 S.E.2d 796 (1975); (2) the defendant's proximity to the contraband, *see State v. Burke*, 36 N.C. App. 577, 580, 244 S.E.2d 477, 479 (1978) (evidence that the "defendant was seated at a table upon which there were located some 5.5 pounds of marijuana in compressed bricks, and that he had in his hand a bag containing one-half pound of loose marijuana" was sufficient to survive the defendant's motion to dismiss even though the defendant denied knowing that the bags contained marijuana); and (3) "other incriminating circumstances," *see Matias*, 354 N.C. at 552, 556 S.E.2d at 271 ("[U]nless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred."); *see also Wiggins*, 185 N.C. App. at 387-88, 648 S.E.2d 873-74 (drug paraphernalia and a gun found between the driver and defendant passenger, a recent visit by a known drug seller and inconsistent explanations offered by the defendant were sufficient evidence of incriminating circumstances to survive the motion to dismiss).

Specific to illegal drugs found in automobiles, while "the mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs[,]" *State v. Weems*, 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (1976) (citation and quotation marks omitted), "evidence which places an accused within close juxtaposition to a narcotic drug under circumstances giving rise to a reasonable inference that he knew of its presence may be sufficient to justify the jury in concluding that it was in his possession," *id.*; *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 885-86 (1984) (inferring knowledge of marijuana discovered under rear seat floormat where the defendant

had custody of a borrowed car for only three days and had two passengers in the rear seat when the marijuana was discovered).

Reviewing the record, we find the following evidence of defendant's knowing possession of the marijuana found in his car: Defendant signed for and collected the Member's Mark package containing 44.1 pounds of marijuana. About a half hour later, defendant helped load the DeWalt package containing 43.8 pounds of marijuana into the back seat of the Grand Am. Both boxes, containing a total of 87.9 pounds, were found when law enforcement searched the Grand Am defendant was driving. This is substantial evidence that the boxes containing the marijuana were controlled by defendant.

Furthermore, defendant's possession of the marijuana was accompanied by several incriminating circumstances. Defendant had once lived in the same residence as his niece, and knew his niece frequently got this type of packages. Defendant said that he was expecting to earn between $50 and $200 for simply taking the package from the UPS store to his niece, though his assertion as to the expected amount of money changed several times during the interview with Captain Jones. The address on the DeWalt box was found by law enforcement to be non-existent. Drawing inferences from this evidence in the State's favor, we conclude that it supports an inference that defendant was aware of what the packages contained, which in turn supports the element of knowing possession. Accordingly, this assignment of error is overruled.

C. Conspiracy to Traffic

[2] Defendant argues the trial court should have dismissed the conspiracy to traffic marijuana charge on the basis of insufficient evidence. In addition to contending that the State did not offer "even a scintilla of evidence of any agreement between the co-defendants," defendant specifically argues:

> [I]t is clear from the record that the jury was unable to reach a verdict with regard to Ms. Gilliam's case, which was later dismissed by the prosecution.[5] This voluntary dismissal of the only

---

5. It is clear from the record that the jury was unable to reach a verdict with regard to Ms. Gilliam. However, with regard to purported dismissal of the conspiracy charge against Ms. Gilliam, defendant makes no reference to the record on appeal and we find no evidence in the record on appeal that the State indeed dismissed the conspiracy charge against Ms. Gilliam. However, the State acknowledges in its brief that "[t]he prosecutor chose to dismiss the charges[,]" so we assume that the charge was dismissed.

STATE v. ROBLEDO

[193 N.C. App. 521 (2008)]

co-defendant in effect leaves no one that [defendant] could have made an unlawful agreement with, without which there can be no conspiracy. It is well-established that if all participants in an alleged conspiracy (with [the] exception of the defendant) are legally acquitted, a conviction against a remaining defendant must be set aside.

The defendant recognizes that a dismissal is not the functional equivalent of an acquittal, however submits that such should be considered as part of the totality of circumstances that suggest substantial evidence to be lacking.

(Citations omitted, footnote added.) We disagree.

Defendant cites no authority and we find none for the proposition that the State's voluntary dismissal of a conspiracy charge against one co-defendant should be considered in ruling on a motion to dismiss the conspiracy charge against another co-defendant. Rather, in ruling on a motion to dismiss for insufficient evidence, the court is limited to consideration of evidence which is actually admitted during the trial. *See State v. Spangler*, 314 N.C. 374, 383, 333 S.E.2d 722, 728 (1985) ("The trial judge must consider all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State."); *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980) ("[A]ll of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion."); *State v. Barnes*, 110 N.C. App. 473, 475, 429 S.E.2d 765, 766 (1993) ("In passing upon a motion to dismiss made pursuant to North Carolina General Statutes § 15A-1227, all of the evidence admitted, whether competent or incompetent, is viewed in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom.").

This Court has held that

[t]o prove criminal conspiracy, the State must prove an agreement between two or more people to do an unlawful act or to do a lawful act in an unlawful manner. The State need not prove an express agreement. Evidence tending to establish a mutual, implied understanding will suffice to withstand a defendant's motion to dismiss.

*Wiggins*, 185 N.C. App. at 389, 648 S.E.2d at 874 (citations and quotation marks omitted); *see also State v. Harrington*, 171 N.C. App. 17, 27-28, 614 S.E.2d 337, 346 (2005) (holding that a number of indefinite

acts such as the ·co-defendants' proximity and accessibility to the marijuana as well as the co-defendant's possession of scales and packaging devices was sufficient to show the co-conspirators had a common scheme or plan).

To support the charge of conspiracy, the State presented evidence at trial that defendant was planning to pick up two packages. Defendant collected one box containing marijuana by himself; he and Ms. Gilliam, his alleged co-conspirator, arrived together to collect the second box. Defendant and Ms. Gilliam both used authorization notes and tracking numbers from defendant's niece for the boxes they picked up from UPS. Both boxes they picked up had identical packaging inside containing styrofoam for padding and laundry detergent to prevent detection of the marijuana. Viewing this evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, we conclude that the State presented sufficient evidence of mutual implied understanding between defendant and Ms. Gilliam to traffic marijuana. Accordingly, this assignment of error is overruled.

### III. Omission of Instruction for Lesser Included Offenses

[3] Defendant argues that *State v. Williams*, 90 N.C. App. 614, 369 S.E.2d 832 (1988), requires a trial court to submit to the jury a lesser included offense of the crime charged in the bill of indictment where there is evidence that can support guilt of the lesser crime. Specifically, defendant contends that the trial court should have submitted an instruction on the lesser included offense of a Class G felony possession of less than fifty pounds of marijuana and conspiracy to possess less than fifty pounds. Defendant did not object to the instructions or request any corrections or additional instructions at trial, therefore this court may only review the trial judge's jury instructions for plain error. N.C.R. App. P. 10(c)(4); *State v. Carrillo*, 164 N.C. App. 204, 209, 595 S.E.2d 219, 223 (2004), *appeal dismissed and disc. review denied*, 610 S.E.2d 710 (N.C. 2005). "A plain error is one so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Carroll*, 356 N.C. 526, 539, 573 S.E.2d 899, 908 (2002) (citation and quotation marks omitted), *cert. denied*, 539 U.S. 949, 156 L. Ed. 2d 640 (2003).

"A prerequisite to our engaging in a 'plain error' analysis is the determination that the instruction complained of constitutes 'error' at all." *State v. Torain*, 316 N.C. 111, 116, 340 S.E.2d 465, 468, *cert.*

*denied,* 479 U.S. 836, 93 L. Ed. 2d 77 (1986). According to the North Carolina Supreme Court,

> [a] trial court must submit to the jury a lesser included offense when and only when there is evidence from which the jury could find that the defendant committed the lesser included offense. When the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, submission of a lesser included offense is not required. Mere possibility of the jury's piecemeal acceptance of the State's evidence will not support the submission of a lesser included offense. Thus, mere denial of the charges by the defendant does not require submission of a lesser included offense.

*State v. Maness,* 321 N.C. 454, 461, 364 S.E.2d 349, 353 (1988) (citations omitted).

As discussed in Part II.B. *supra,* the State presented positive evidence showing that defendant had possession of two boxes which contained marijuana totaling 87.9 pounds, each box holding approximately half of the total. The State also presented positive evidence that defendant was accompanied by his co-defendant when the boxes were found together in the car he was driving. Defendant presented no conflicting evidence to suggest that he had possession of only one package which would have required the trial court to instruct on the lesser included offenses of trafficking less than fifty pounds of marijuana or conspiracy to possess less than fifty pounds of marijuana. We conclude that there was no evidence which supported instruction on a lesser charge for either offense. Accordingly we hold that the trial court did not err when it failed to instruct on the lesser included offense. Because the trial court did not err, there could be no plain error.

## IV. Conclusion

For the foregoing reasons we conclude that the trial court did not err when it denied defendant's motions to dismiss the charges of trafficking marijuana and conspiracy to traffic marijuana. Additionally, the trial court did not err when it failed to instruct the jury on the lesser included offense of possession of more than ten, but less than fifty pounds of marijuana nor by failing to instruct the jury on the lesser included offense of conspiracy to traffic in those amounts. Accordingly, we conclude defendant received a fair trial, free of reversible or plain error.

No Error.

Judges McCULLOUGH and TYSON concur.