An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-862

Filed 1 April 2026

Guilford County, No. 18CR072430-400, 18CR072429-400

STATE OF NORTH CAROLINA

       v.

ANTONIO SHARRAID POSEY

Appeal by defendant from judgment entered 17 May 2024 by Judge Richard A. Baddour in Guilford County Superior Court. Heard in the Court of Appeals 10 March 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Tracy Berry, for the State.*
>
> *Reid Carter for the defendant-appellant.*

TYSON, Judge.

Antonio Sharraid Posey ("Defendant") appeals from a jury's verdicts of guilty of two counts of trafficking in fentanyl and two counts of trafficking in cocaine. We discern no error.

## I. Background

High Point Police Officer JC Passmore ("Officer Passmore") conducted a traffic stop on a vehicle driven by Defendant on 13 April 2018. Defendant's uncle, Jasper Smith ("Smith"), was seated in the passenger seat.

During the stop and based upon his training, Officer Passmore observed a small bag containing what appeared to him to be cocaine, which fell onto Smith's lap. When asked what was inside the bag, Smith admitted it contained cocaine. Smith later testified he was high on cocaine at the time of the traffic stop.

While Smith was being detained, Defendant began grabbing the narcotics Smith had dropped and tried to toss them into the back seat. Officer Passmore called for backup, and Defendant was also detained.

Officer Passmore determined he had probable cause to search the vehicle. Officer Passmore found separate bags containing fentanyl and cocaine. The fentanyl bags were found in the driver's side door handle, in between the center console and passenger seat, and on the passenger's seat. Bags of cocaine were found on Smith's person. Illegal narcotics were not found on Defendant's person.

Defendant was charged with two counts of trafficking in fentanyl and two counts of trafficking in cocaine. While in jail, Smith sent a letter to his sister, Defendant's mother, stating all the drugs in the car belonged to him. However, at trial, Smith testified all the narcotics in the car belonged to Defendant. Defendant testified none of the drugs belonged to him, and he was unaware of any illicit drugs

in the vehicle. State Crime Lab analyst Adam Lewis ("Lewis"), testified Defendant's car contained 35.26 grams of crack cocaine and 5.21 grams of fentanyl.

During the charge conference, the trial court proposed to give the jury instructions only on trafficking by possession and trafficking by transportation. Defendant's counsel requested an instruction on the lesser-included offense of simple possession. Defendant's counsel argued, based upon the evidence, the jury could find Defendant possessed only the small bag of fentanyl from the driver's side door, which would result in a narcotics weight below the required threshold to support a trafficking conviction.

The trial court denied the request for the instruction, finding Defendant had consistently stated throughout the trial none of the narcotics were his, so the jury would not be able to conclude only the small bag of fentanyl in the driver's side door was Defendant's.

The jury found Defendant guilty of two counts of trafficking in fentanyl: one by possession and one by transportation, and two counts of trafficking in cocaine: one by possession and one by transportation. The trial court consolidated the charges and sentenced Defendant to an active sentence of 70 to 93 months. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies with this court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2025).

## III. Issues

Defendant argues the trial court erred by denying his requested jury instruction on the lesser-included offense of simple possession. Defendant asserts the jury could find he had possessed only one of the smaller bags of narcotics, which fell beneath the required trafficking threshold.

## IV. Jury Instructions

### A. Standard of Review

A trial court's refusal to provide jury instructions on a lesser-included offense is reviewed *de novo*. *State v. Hunt*, 249 N.C. App. 428, 431, 790 S.E.2d 874, 878 (2016) (citing *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009)).

### B. Analysis

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002) (citation omitted). When determining whether to give a lesser-included offense instruction, a judge must consider whether there is "the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). "Where the State's evidence is clear and positive as to each element of the offense charged and there is no evidence showing the commission of a lesser included offense, it is not error for the judge to refuse to instruct on the lesser offense." *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985).

Defendant testified none of the narcotics in the vehicle belonged to him. Defendant now argues a jury could find he possessed only a small portion of the narcotics, as evidenced by Smith's conflicting testimony and the locations of the narcotics in proximity to where Defendant was seated in the vehicle. The trial court held Defendant's testimony and his argument were contradictory and, from the evidence, that a jury would not be able to conclude that Defendant possessed only a small portion of the narcotics.

In *State v. Robledo*, this Court examined a similar factual scenario and held a defendant was not entitled to an instruction on a lesser-included offense. 193 N.C. App. 521, 530-32, 668 S.E.2d 91, 97-98 (2008). The officers, in *Robledo*, found two packages of marijuana in the defendant's vehicle, one weighing 43.8 pounds and one weighing 44.1 pounds. *Id.* at 523-24, 668 S.E.2d at 93. The trial court denied the defendant's request for an instruction on a lesser-included offense of possession of less than fifty pounds. *Id.* at 530, 668 S.E.2d at 97.

On appeal, the defendant argued the trial court erred by failing to give the instruction. *Id.* This Court concluded the defendant was not entitled to an instruction on a lesser-included offense because the "[d]efendant presented no conflicting evidence to suggest that he had possession of only one package which would have required the trial court to instruct on the lesser included offenses." *Id.* at 531, 688 S.E.2d at 98.

Here, as in *Robledo*, Defendant did not present evidence tending to show he possessed only a small portion of the narcotics. Defendant clearly testified none of the narcotics were his and he did not know illegal narcotics were inside the vehicle. The trial court did not err in denying the requested jury instruction on the lesser-included offense of simple possession. Defendant's argument is overruled.

## VI.   Conclusion

The trial court did not err in denying the Defendant's requested jury instruction on the lesser-included offense of simple possession. Defendant received a fair trial, free from prejudicial error. We discern no error in the jury's verdicts or in the judgment entered thereon. *It is so ordered.*

NO ERROR.

Judges CARPENTER and FLOOD concur.

Report per Rule 30(e).